IN RE CONSOLIDATION OF COUNTY DITCHES NOS. 20, 38, 41, 49 AND 53, AND JUDICIAL DITCH NO. 19, MURRAY COUNTY.[1]

January 8, 1926.

No. 24,973.

**Writ dismissed for failure to serve adverse party within statutory time.**
After application has been made for writ of certiorari to review order in ditch proceedings, formal notice of such order to the applicants would be without purpose or effect—Where writ was issued on June 30, served on judge July 11, but not until October 9 served on adverse party, that service was too late and motion to vacate writ for failure to serve same on adverse party within 60 days specified by G. S. 1923, §§ 9769, 9770, was granted. [Reporter.]

Certiorari, 11 C. J. pp. 168 n. 81; 169 n. 95.

Upon the relation of Charles Swan and others the supreme court granted its writ of certiorari directed to the district court for Murray county and the Honorable I. M. Olsen, acting in place of the judge thereof, to review all proceedings in the matter of consolidation of County Ditches Nos. 20, 38, 41, 49, 53 and Judicial Ditch No. 19 in that county and for repairing, modifying and extending County Ditch No. 20. Writ discharged.

*James H. Hall,* and *E. H. Nicholas,* for relator.
*Freeman & Smith* and *Murphy & Johanson,* for respondent.

[1]Reported in 206 N. W. 718.

PER CURIAM.

Motion to vacate a writ of certiorari for failure to serve the same upon the adverse party within 60 days after "due notice of the proceeding sought to be reviewed" as required by sections 9769, 9770, G. S. 1923.

The order sought to be reviewed denied a petition to consolidate several judicial ditch proceedings and was made February 11, 1925. So far as the record shows, the only formal written notice of the filing of that order was given in August. In the meantime the writ of certiorari had been applied for and issued on June 30. It must be assumed therefore that the applicants for the writ had "due notice of the proceeding sought to be reviewed" before that date. Formal notice thereafter to the applicants for the writ, of the filing of the order, the review of which they were seeking by certiorari, was without purpose or effect. So the determining date is that upon which the writ issued.

The writ was served upon the judge whose order it questioned on July 11, but not until October 9 was there any attempt to serve upon the adverse party as required by statute. The 60-day period, reckoning it as it must be reckoned from June 30, had long since expired. So the service on October 9 was ineffectual and the writ must be discharged.

So ordered.