WALTER O. KENZIE v. DALCO CORPORATION
AND ANOTHER.

245 N. W. 2d 207.

August 6, 1976—No. 46525.

Walter O. Kenzie, pro se, for relator.

Warren Spannaus, Attorney General, and Frank W. Levin, Special Assistant Attorney General, for respondent commissioner.

SHERAN, CHIEF JUSTICE.

Relator, W. O. Kenzie, sought review by writ of certiorari of a decision of the commissioner of employment services. By order filed March 15, 1976, the writ was discharged for relator's failing to serve it upon the respondent within the time prescribed by law.

Rule 115.01, Rules of Civil Appellate Procedure, provides as follows:

"Review of a decision of * * * [the] Department of Employment Services * * * may be had by securing issuance of a writ of certiorari within sixty (60) days after the party applying for such writ shall have received written notice of the decision sought to be reviewed, *unless an applicable statute prescribes a different period of time.*" (Italics supplied.)

Under Rule 115.03(4), the petitioner is required to serve copies of the petition and the writ within 60 days, unless a different time is prescribed by statute.

A different time period is prescribed by Minn. St. 268.10, subd. 8, which reads in pertinent part as follows:

"Any such decision of the commissioner [of employment services] may be reviewed on certiorari by the supreme court provided such writ *is issued and served* upon the adverse party or parties within 30 days after the date of mailing notice of any decision to him at his last known address." (Italics supplied.)

In this case, the notice and order comprising the decision of the commissioner were mailed on December 12, 1975. Under Rule 126.01, Rules of Civil Appellate Procedure, which adopts Rules 6.01 and 6.05, Rules of Civil Procedure, the 30-day period provided for seeking review of the commissioner's decision by § 268.10, subd. 8, and the 3-day extension provided by Rule 6.05 would have expired on Thursday, January 15, 1976. The envelope containing the writ in this case was postmarked January 20, 1976. Service was therefore 5 days late.

A writ of certiorari will be discharged when not served within the time required by statute or rule. In re Consolidation of County Ditches, 165 Minn. 493, 494, 206 N. W. 718, 719 (1926). On previous occasions we have strictly construed statutes relating to the time for appeal or review of determinations made under Minn. St. c. 268, the Minnesota Employment Services Law. See, In re Contribution Rate for Fingerhut Corp. v. Dept. of Employment Services, 306 Minn. 516, 238 N. W. 2d 604 (1976); Jackson v. Department of Manpower Services, 296 Minn. 500, 207 N. W. 2d 62 (1973). This court does not review a judgment or order when the appeal is not timely. Mocuik v. Svoboda, 253 Minn. 562, 93 N. W. 2d 547 (1958). In addition, once the period in which to petition for review expires, this court does not extend the time for appeal, regardless of mitigating circumstances. Ullman v. Lutz, 238 Minn. 21, 24, 55 N. W. 2d 57, 59 (1952).

For the reasons stated, relator's petition for a writ of certiorari was discharged.