**FLAME BAR, INC., Respondent,**

v.

**CITY OF MINNEAPOLIS et al., Appellants.**

No. 49952.

Supreme Court of Minnesota.

July 3, 1980.

Malin D. Greenberg, St. Louis Park, for appellants.

Robert J. Alfton, City Atty., Minneapolis, for respondent.

TODD, Justice.

The defendants City of Minneapolis, et al., appeal from the order of the Hennepin County District Court directing that the liquor license of the plaintiff Flame Bar, Inc., be reinstated and imposing conditions precedent to the reopening of the facility. We reverse.

The plaintiff was the licensee of an on-sale liquor license issued by the defendant on February 1, 1978, effective April 1, 1978. Upon its receipt of an investigatory report concerning the plaintiff, the Consumer Services Committee of the City Council issued a notice to the plaintiff's owner, directing him to appear before it on July 12, 1978. The stated purpose of the meeting was the committee's consideration of the revocation of the license due to the conduct and operation of the business. Thereafter, the committee issued its written report to the city council recommending the revocation of the plaintiff's license.

By its action of July 14, 1978, the city council adopted the report and revoked the license, effective September 1, 1978. The decision of the council was served by mail upon the plaintiff's owner on July 25, 1978.

The instant action was commenced by the plaintiff on August 29, 1978, seeking a permanent injunction against the city, restraining it from either revoking or enforcing the revocation of its license.

Minn. Stat. § 340.135 (1978) pertaining to the suspension of revocation of a liquor license incorporates by reference certain provisions of the Administrative Procedures Act, Minn. Stat. ch. 15, the procedure to be employed in contested cases. Specifically Minn. Stat. § 15.0424, subd. 2 (1978), directs that proceedings for the review of a decision be instituted within 30 days after service by mail of such a decision upon all record parties. While the plaintiff apparently chose to institute separate proceedings to obtain injunctive relief, the proceedings are more properly categorized as an appeal and must be viewed within the context of § 15.0424 and R. 6.01 and 6.05, R. Civ. P.

There is no question that this proceeding was instituted beyond the 33-day period for review as authorized by operation of statute and rule and that the district court was without jurisdiction to consider the merits of the decision of the city council. Therefore, its order authorizing the plaintiff to proceed and its decision relating to the reinstatement of the plaintiff's license are accordingly reversed as beyond its jurisdiction. See, e.g., Kenzie v. Dalco Corp., 309 Minn. 495, 245 N.W.2d 207 (1976).

Reversed upon jurisdictional grounds.

SCOTT, Justice (dissenting).

I respectfully dissent. The interests of justice mandate that judicial review be afforded in this case. The trial court found that respondent "has held his license for approximately forty years, apparently, without a prior suspension." To deny respondent a review of the city's action in this case because the appeal was filed one day late constitutes an overly harsh application of our judicial power. Further, I believe an examination of respondent's claims would lead to the conclusion that an independent hearing examiner, as qualified under Minn. Stat. § 15.052 (1978), should have presided

at the license revocation. Accordingly, I would remand this case for further proceedings before the city council to be conducted by such an impartial hearing examiner.

As for the jurisdictional question, I agree that the time limitations for appeals cannot be treated lightly; however, as this court recently acknowledged, there are limited situations in which judicial review must be afforded, notwithstanding the fact that the appeal is untimely. E.C.I. Corp. v. G.G.C. Co., 306 Minn. 433, 237 N.W.2d 627 (1976). In the E.C.I. Corp., supra case, the subject appeal was not filed within the time limits provided by Minn.R.Civ.App.P. 104.01. Nevertheless, this court allowed the appeal and took jurisdiction over the matter by reasoning as follows:

> The rules of this court are designed to effectuate the orderly administration of justice and do not control its jurisdiction, for it retains the constitutional power to hear and determine, as a matter of discretion, any appeal in the interest of justice. A strict application of the rule would bar the appeal in this case, * * *. Nevertheless, on the peculiar facts of this case, justice is better served by allowing the appeal.

306 Minn. 435, 237 N.W.2d 629.

Like the E.C.I. Corp. decision, I believe the interests of justice are best served by allowing the licensee's appeal in the instant case. Since a substantial interest is involved, i.e., a liquor license held by respondent for over 40 years, fairness requires some flexibility in the application of the time limit for appeal. As persuasively reasoned by the trial court:

> Although plaintiff's petition may have been one day late, the Court believes that to do substantial justice and to achieve a fair resolution of this matter, the 33-day requirement for service must not be strictly construed. One should not be denied the license by which he earns a living without an opportunity for review of that denial, merely because he has not adhered strictly with a technical procedural rule. Such a denial would offend fundamental notions of due process and

fair dealing which are the hallmark of our judicial system. Such a harsh result must not be countenanced by the law, especially in the instant case where the City will not be prejudiced by the review, and where the applicable law is not clear. Moreover, the procedure followed in the council proceedings has been the subject of great controversy and confusion. This may, at least in part, have been the reason for the licensee filing one day after the appeal period expired. Consequently, the substantial right involved, coupled with the uncertainty regarding procedures, convinces me that justice compels appellate review of the city council action, even though the appeal was filed one day late. I therefore concur in the district court decision to take jurisdiction over this case.

I also agree that, under Minnesota statutory law, an independent hearing examiner should preside at the revocation hearing. Minn. Stat. § 340.135 states that:

> LICENSES; REVOCATION; SUSPENSION. The authority issuing or approving any license or permit pursuant to the intoxicating liquor act may either suspend for not to exceed 60 days or revoke such license or permit upon a finding that the licensee or permit holder has failed to comply with any applicable statute, regulation or ordinance *relating to intoxicating liquor.* No suspension or revocation shall take effect until the licensee or permit holder has been afforded an opportunity for a *hearing pursuant to sections 15.0418 to 15.0426.*

(Emphasis added). A hearing conducted in accordance with Minn. Stat. §§ 15.0418 to 15.0426 (1978) clearly contemplates the appointment of an impartial hearing examiner. Indeed, § 15.0418 assumes that an independent hearing examiner will be utilized as it states that

> [p]rior to assignment of a case to a *hearing examiner as provided by section 15.052* [legislation relating to the office of hearing examiners], all papers shall be filed with the agency. Subsequent to assignment of the case, the agency shall certify the official record to the *office of hearing examiners,* and thereafter, all pa-

pers shall be filed with that office. *The office of hearing examiners* shall maintain the official record which shall include subsequent filings, testimony and exhibits. All filings are deemed effective upon receipt. Upon issuance of the *hearing examiner's report,* the official record shall be certified to the agency.

(Emphasis added). Similarly, § 15.0421 refers to the "report of the hearing examiner as required by section 15.052." Thus, in accordance with legislative directive, I believe an impartial hearing examiner must be appointed to preside over the revocation hearing.

Based on the foregoing, I would remand the instant matter to the city council for a revocation hearing to be conducted by an independent hearing examiner appointed pursuant to Minn. Stat. §§ 15.0418, and 15.052 (1978). Accordingly, I must dissent from the majority opinion.

YETKA, Justice (dissenting).

I join in the dissent of Mr. Justice Scott.