**Kit HYMANSON and Lucky Lanes, Inc., Appellants,**

v.

**CITY OF ST. PAUL, et al., Respondents.**

**No. 82–1459.**

Supreme Court of Minnesota.

Jan. 24, 1983.

---

Dorfman & Hauge, Leo Dorfman and Alan Dorfman, Minneapolis, for appellants.

Edward P. Starr, City Atty., and Jane A. McPeak, Asst. City Atty., St. Paul, for respondents.

PETERSON, Justice.

By a resolution dated August 19, 1982, the St. Paul City Council unanimously revoked various liquor and entertainment licenses held by Lucky Lanes, Inc. (The business run by Lucky Lanes, Inc. is more commonly known as "Pudge's.") Plaintiffs Lucky Lanes, Inc. and Kit Hymanson (the sole shareholder and president of Lucky Lanes, Inc.) sought a permanent injunction against revocation of the licenses in district court. The permanent injunction was denied. We affirm.

Issues raised on appeal include: (1) whether the notice and hearing requirements of the contested case provisions of Minn.Stat. §§ 14.57 to 14.70 (1982), Minnesota's Administrative Procedure Act (APA), were followed; and (2) whether the APA requires the appointment of a hearing examiner to conduct initial liquor license revocation proceedings. Our discussion is brief because division in the court centered only upon the hearing examiner issue.

■■■ Before a liquor license may be revoked in Minnesota, a licensee is entitled to a hearing pursuant to the sections of the APA mentioned above.[1] Minn.Stat. § 340.-135 (1982). We are satisfied that notice and hearing requirements were amply met in this case. A notice of a public hearing before the city council was sent to plaintiffs on July 8, 1982. The notice described the ordinance violations (an after-hours display of alcohol, and indecent exposure by male dancers performing at Pudge's) for which revocation or suspension of licenses might occur. The notice also mentioned that complaints by neighborhood residents near Pudge's would be heard. The hearing held on August 10, 1982, was orderly. Council Member Victor Tedesco presided, aided on legal questions by a city attorney. After listening to testimony presented, both adverse and favorable to Pudge's, the city council unanimously voted to revoke plaintiffs' licenses.[2] We uphold the decision, as falling within the grant of broad discretion given to municipal authorities to determine the issuance, regulation, and revocation of liquor licenses. *Sabes v. City of Minneapolis,* 265 Minn. 166, 120 N.W.2d 871 (1963); *cf. Wajda v. City of Minneapolis,* 310 Minn. 339, 246 N.W.2d 455 (1976).

■■■ A closer question is whether a hearing examiner should have been appointed to conduct *initial* liquor license revocation proceedings. We emphasize the word *initial* to relate an important point about the role of hearing examiners: their functions are subordinate to a reviewing agency's (in this case, the city council's) power. A hearing examiner presides at meetings and makes recommendations for decision. But the agency is not bound by the findings and recommendations of the hearing examiner. K. Davis, *Administrative Law Text,* § 10.07 (3rd ed. 1972). In this sense, the relationship differs from that of an appellate court reviewing a lower court's findings of fact:

1. The notice and hearing requirements outlined by the APA rise above those constitutionally mandated. Under Minnesota law, there is no property right in a liquor license. *Country Liquors, Inc. v. City Council of Minneapolis,* 264 N.W.2d 821, 826 (Minn.1978), *quoting Arens v. Village of Rogers,* 240 Minn. 386, 401, 61 N.W.2d 508, 519, *appeal dismissed,* 347 U.S. 949, 74 S.Ct. 680, 98 L.Ed. 1096 (1954): "[N]o person has a vested property right to engage in or continue to engage in the liquor business."

2. After extensive evidence was introduced, plaintiffs stipulated to the two aforementioned ordinance violations. The city council also found that the activities of the licensee also created a serious danger to public health, safety, and welfare. This constitutes an additional ground for adverse action against a licensee in St. Paul. St. Paul, Minn. Legislative Code § 310.06, subd. 2(7) (1981). Plaintiffs alleged that notice was inadequate to inform them of this possible ground for revocation. While the written notice was not as specific as it could have been, we are convinced that plaintiffs had *actual* notice—both by previous meetings with neighborhood residents, the license inspector, city council members, and the mayor—that Pudge's business was creating serious problems in the surrounding neighborhood. The possibility that the licenses would be revoked for this reason was discussed at the public hearing. Under these circumstances, we have no difficulty upholding the city council's decision against arguments that the decision was based on inadequate notice and was arbitrary and capricious. *See, Sabes v. City of Minneapolis,* 265 Minn. 166, 120 N.W.2d 871 (1963).

an agency could make new findings and decide contrary to the hearing examiner's recommendation. *Id.* at § 10.04. A hearing examiner takes no power away from an agency.

The historical background and function of hearing examiners aids in analysis of legislative intent involved in Minn.Stat. § 340.-135 (1982).[3] Since 1975, contested case provisions of the APA have provided the procedural framework within which governing authorities may revoke or suspend liquor licenses. Section 340.135, however, never explicitly incorporated the sections of the APA pertaining to hearing examiners, and their functions and duties, Minn.Stat. §§ 14.48 to 14.56 (1982).[4] The Attorney General found this omission telling, and advised the Minneapolis City Attorney that no hearing examiner need be appointed to conduct hearings concerning revocation or suspension of an intoxicating liquor license. Op.Atty.Gen., 218g-14, Nov. 5, 1976. Municipalities in Minnesota have followed this guidance ever since. And although the Attorney General opinion is not controlling, we are persuaded that this opinion reflects the true legislative intent embodied in Minn.Stat. § 340.135.[5] Similarly, when the city council incorporated section 340.135 by reference in its ordinance, it may be presumed that it intended the construction that the Attorney General had advised in its opinion. This is manifested by the council's action in not appointing a hearing examiner. The statute, by incorporating the contested case procedures, brought notice and hearing requirements to an area noted for its irregularity of process. Many jurisdictions had no notice or hearing requirements, nor were these constitutionally required. *See,* Annot., 35 A.L.R.2d 1067 (1954). Nor did Minnesota municipalities have procedures for liquor license revocations matching the finely detailed notice and hearing requirements of the APA. *See, e.g.,* St. Paul, Minn. Legislative Code § 308.14 (1976); Duluth, Minn. Legislative Code § 8–68 (1959) (automatic revocation upon conviction of the licensee of a gross misdemeanor or felony). Imposition of contested case procedures on widely varying procedures usually applicable for liquor license revocations did bring uniformity— and this, we believe, was its intended result.

To go one step further—to say hearing examiners are necessary before a liquor license can be revoked in Minnesota cities statewide—comports neither with past interpretation of section 340.135, nor with what we believe this section sought to attain, nor with the historical functions of hearing examiners. Our interpretation of legislative intent leads to the following holding: Minn.Stat. § 340.135 does not require the appointment of a hearing examiner to conduct initial liquor license revocation proceedings.[6]

Affirmed.

---

**3.** Minn.Stat. § 340.135 (1982), provides:

> The authority issuing or approving any license or permit pursuant to the intoxicating liquor act may either suspend for not to exceed 60 days or revoke such license or permit upon a finding that the licensee or permit holder has failed to comply with any applicable statute, regulation or ordinance relating to intoxicating liquor. *No suspension or revocation shall take effect until the licensee or permit holder has been afforded an opportunity for a hearing pursuant to sections 14.57 to 14.70.*

(Emphasis supplied.)

**4.** As the dissent correctly notes, certain provisions of the contested case procedure do refer to these sections, but our further discussion demonstrates why we do not think these references are dispositive of the issue.

**5.** Corroborative of this analysis is the fact that the legislature has never amended Minn.Stat. § 340.135 to specifically mandate use of hearing examiners—despite a suggestion in a dissent in *Flame Bar, Inc. v. City of Minneapolis,* 295 N.W.2d 586 (Minn.1980) (Justices Yetka and Scott, dissenting) that hearing examiners be appointed. The majority opinion rested upon a jurisdictional ground, and never reached the hearing examiner issue. The legislative inaction—in the face of some confusion—is indicative, we believe, of a position favoring the nonappointment of hearing examiners.

**6.** Even if we were inclined to read such a requirement into Minn.Stat. § 340.135, the facts of the case suggest a waiver of the right to have initial proceedings before a hearing examiner. Plaintiffs, assisted by counsel, had more

AMDAHL, Chief Justice (concurring specially).

I vote with the majority on the issue of whether a hearing examiner should have been employed in the .instant case but only because we have not heretofore considered the issue directly and the parties to the present action had only inferential notice that we might require an independent hearing examiner in liquor license hearing cases and thus proceeded reasonably into the hearing without employing such an examiner. For future cases, barring some unforeseen and unusual circumstances, I would support the view of the minority.

SCOTT, Justice (dissenting).

I respectfully dissent. I would reverse the decision of the trial court on the ground that a hearing and decision by an independent hearing examiner must precede the city's revocation of a liquor license.

Minn.Stat. § 340.135 (1982) states:

The authority issuing or approving any license or permit pursuant to the intoxicating liquor act may either suspend for not to exceed 60 days or revoke such license or permit upon a finding that the licensee or permit holder has failed to comply with any applicable statute, regulation or ordinance relating to intoxicating liquor. *No suspension or revocation shall take effect until the licensee or permit holder has been afforded an opportunity for a hearing pursuant to sections 14.57 to 14.70.*

(Emphasis added.) A hearing conducted in accordance with Minn.Stat. §§ 14.57 to 14.-70 (1982) (contested case and review provisions of the Minnesota Administrative Procedure Act) contemplates the appointment of an impartial hearing examiner. Minn. Stat. § 14.58 assumes that an independent hearing examiner will be utilized when it states, in part:

than a month's notice of the meeting with the city council. Yet they never made a request to have a hearing examiner appointed. Rather, they chose to meet directly—and to negotiate—with the city council. Only when their efforts failed with the city council did the hearing examiner issue arise.

Prior to assignment of a case to a *hearing examiner* as provided by sections 14.48 to 14.56 [legislation relating to the office of hearing examiner], all papers shall be filed with the agency. Subsequent to assignment of the case, the agency shall certify the official record to the *office of administrative hearings,* and thereafter, all papers shall be filed with that office. The *office of administrative hearings* shall maintain the official record which shall include subsequent filings, testimony and exhibits. All filings are deemed effective upon receipt. The record shall contain a written transcript of the hearing only if preparation of a transcript is requested by the agency, a party, or the *chief hearing examiner.* The agency or party requesting a transcript shall bear the cost of preparation. When the *chief hearing examiner* requests preparation of the transcript, the agency shall bear the cost of preparation. Upon issuance of the *hearing examiner's report,* the official record shall be certified to the agency.

(Emphasis added.) In addition, Minn.Stat. § 14.61 provides:

In all contested cases the decision of the officials of the agency who are to render the final decision shall not be made until the report of the *hearing examiner* as required by sections 14.48 to 14.56, has been made available to parties to the proceeding for at least ten days and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of the officials who are to render the decision.

(Emphasis added.) Thus, when the Saint Paul Legislative Code was amended in 1980 to explicitly incorporate Minn.Stat. § 340.-135,[1] that statute in turn incorporated sec-

1. St. Paul, Minnesota, City Charter and Legislative Code § 310.05(7) (1981) provides:
   Where the provisions of any statute or ordinance require additional notice or hearing procedures, such provisions shall be complied with and shall supersede inconsistent provisions of these chapters. This shall include, without limitation by reason of this

tions of the Minnesota Administrative Procedure Act, which clearly contemplated the appointment of an impartial hearing examiner. The City of St. Paul's 1980 amendment evidences a clear legislative intent to have hearing examiners preside at liquor license suspension or revocation hearings.

The majority opinion relies upon a 1976 opinion of the Attorney General, Op.Atty. Gen., 218g–14, Nov. 5, 1976, as the basis for its contention that past interpretation of § 340.135 did not indicate that an impartial hearing before an independent hearing examiner was necessary prior to revocation of a liquor license. The Attorney General's opinion incorrectly interprets § 340.135 for two reasons. First, it wrongly contends that the Minnesota legislature could not have intended that § 340.135 require a hearing examiner at liquor license revocation proceedings because when § 340.135 was amended in 1975 to incorporate the contested case sections of the Administrative Procedure Act the office of administrative hearings had not been created. In fact, the office of administrative hearings was created by legislative act just two days after the amendment of § 340.135.[2] The legislature must have known that hearing examiners would be required in contested cases under the APA.

Second, Minn.Stat. § 645.31, subd. 2 (1982), requires that § 340.135 also adopt by reference any subsequent amendments to laws which it has incorporated. In addition, as mentioned above, the St. Paul Legislative Code was amended in *1980* to incorporate § 340.135. At that time a hearing examiner was clearly required in contested cases under the APA.

The majority also contends that imposition of APA contested case procedures, rather than the widely varying procedures formerly undertaken by municipalities, brought uniformity to liquor license proceedings. To the contrary, by ignoring the hearing examiner requirement within the

specific reference, Minnesota Statutes, Chapter 364, and Minnesota Statutes, Section 340.135.

APA contested case procedures, the majority opens Pandora's box. How are we to know which of the provisions of §§ 14.57 to 14.70 are to be followed and which are not? Clearly § 14.61 is not. Are there other sections which may also be ignored?

An impartial hearing examiner is necessary in order to insure a fair hearing. A proceeding characterized by bitter neighborhood complaints, a possibly less than neutral city council, and a presiding council member who is not well-acquainted with evidentiary rules—all facets of the present license revocation proceeding—hardly seems impartial. Procedural fairness in the decision-making process was not possible in this case without separating the decision-making functions from those of investigation and advocacy. Thus, in order to insure fairness to the appellants and compliance with legislative directive, I believe an impartial hearing examiner should have been appointed to preside over the revocation hearing.

TODD, Justice.

I join in the dissent of Justice Scott.

YETKA, Justice.

I join in the dissent of Justice Scott.

2. Section 340.135 was amended by Act of June 2, 1975, ch. 231, 1975 Minn.Laws 672. The office of hearing examiners was created by Act of June 4, 1975, ch. 380, § 16, 1975 Minn.Laws 1285, 1293.