HIBBING EDUCATIONAL
ASSOCIATION, Relator,

v.

PUBLIC EMPLOYMENT RELATIONS
BOARD, Respondent.

No. C5–83–1580.

Court of Appeals of Minnesota.

Jan. 18, 1984.

Donald W. Selzer, Jr., St. Paul, for relator.

Catherine Haukendahl, Sp. Asst. Atty. Gen., St. Paul, for Public Employment Relations Bd., respondent.

Paul F. Wojciak, Hibbing, for Independent School Dist. No. 701.

Considered and decided by FOLEY, WOZNIAK and SEDGWICK, JJ.

## MEMORANDUM OPINION
## AND ORDER

FOLEY, Judge.

Based upon the file, record and briefs herein, and because:

1. The PERB decision is dated September 15, 1983. A Writ of Certiorari was issued on October 13, 1983. Service required within a 30-day period should be completed by October 17. Independent School District No. 701 was never served, although the PERB was served on October 23, 1983. The school district moved to dismiss and discharge the Writ of Certiorari, "insofar as said writ affects Independent School District No. 701." The relator opposes the motion and, on December 8, 1983, after the school district made its motion for dismissal, moved for an extension of time to serve the school district.

2. Rule 115.03, subd. 4, Minn.R.Civ. App.P., provides:

> The petitioner shall serve copies of the petition and writ upon the court or body to whom it is directed and upon any party within 30 days after the date of mailing notice of the decision to the petitioner, *unless an applicable statute prescribes a different period of time.* Proof of service shall be filed with the clerk of the appellate courts within five days of service. (Emphasis supplied)

The rule yields to a statutory period if the statute prescribes a different period of time.

3. Rule 115.06, Minn.R.Civ.App.P., provides:

> If any writ of certiorari is issued improperly or is not served as required by these rules, the party against whom it is issued may have it discharged on motion and affidavit showing the facts and shall be entitled to allowable costs.

4. Rule 126.02, Minn.R.Civ.App.P., provides:

> The appellate court for good cause shown may order, extend or limit the time prescribed by these rules or by its order for doing any act, and may permit an act to be done after the expiration of

that time if the failure to act was excusable under the circumstances. *The appellate court may not extend or limit the time for filing the notice of appeal or the time prescribed by law for securing review* of a decision or an order of a court or an administrative agency, board, commission or officer, *except as specifically authorized by law.* (Emphasis supplied)

The rule specifically prohibits the appellate court from extending the time for appeal or decision review, except as specifically authorized by law.

6. The school district clearly is an adverse party on whom a Writ of Certiorari must be served. *See, Larson v. LeMere,* 220 Minn. 25, 18 N.W.2d 696 (1945). It opposed the relator in the determination of the appropriate bargaining unit proceedings before the respondent.

IT IS HEREBY ORDERED:

1. The Writ of Certiorari is hereby discharged insofar as the writ affects Independent School District No. 701; but is not discharged as to any other party timely served.

2. The motion for an extension of time to serve Independent School District No. 701 is denied.

3. The remaining parties shall file their appellate responsive briefs as required by the Rules of Appellate Procedure.

4. Oral arguments are set before the Court of Appeals Panel No. 2 at 9:00 a.m., January 30, 1984, on the merits of the case as it affects the remaining parties.