**In the Matter of the Application of NORTHWESTERN BELL TELEPHONE COMPANY, Minneapolis, Minnesota for Authority to Change its Schedule of Telephone Rates for Customers Within the State of Minnesota.**

Nos. C6–85–278, C3–85–304
and C0–85–289.

Court of Appeals of Minnesota.

Oct. 1, 1985.
Review Granted Dec. 13, 1985.

Carla C. Kjellberg, Minneapolis, for appellant MPIRG.

Evan J. Henry, pro. se.

Lawrence R. McDonough, St. Cloud Area Legal Services, Little Falls, for relators.

James A. Gallagher, St. Paul, for Northwestern Bell Telephone Co.

Hubert H. Humphrey, III, State Atty. Gen., Alan E. Giles, Paul A. Strandberg, Sp. Asst. Attys. Gen., St. Paul, for MPUC.

Heard, considered, and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

The Minnesota Public Interest Research Group (MPIRG), Evan Henry, and the St. Cloud Area Ratepayers, Polly Veeser, Renay Post, Sophie Jendro, and Cindy Graham (SCAR), appeal from orders of the Minnesota Public Utilities Commission (MPUC) denying intervenor compensation. The relators contend that the MPUC erred by adopting inappropriate standards for determining whether an intervenor has materially assisted its deliberations, and its findings were inadequate and unsupported by substantial evidence. Northwestern Bell contends relators did not preserve their right to challenge MPUC orders. We affirm in part, reverse in part and remand.

## FACTS

In 1983 Northwestern Bell Telephone Company petitioned for a general rate increase. MPIRG, SCAR, three other groups, and Henry intervened in the proceeding.

While the proceeding was pending the Minnesota Legislature added subdivision 10 to Minn.Stat. § 237.075. 1984 Minn.Laws ch. 611, § 1. This subdivision provides in part:

> The commission may order a telephone company to pay all or a portion of a party's intervention costs not to exceed $20,000 per intervention in any general rate case when the commission finds that the intervenor has materially assisted the commission's deliberation and the intervenor has insufficient financial resources to afford the costs of intervention.

Minn.Stat. § 237.075, subd. 10 (1984). 1984 Minn.Laws ch. 611, § 2, provides that subdivision 10 applies to expenses incurred the day after final enactment, May 3, 1984.

On May 4th the MPUC ordered an investigation of the corporate restructuring which had been proposed by Northwestern Bell several days earlier. The administrative law judge took administrative notice of the investigation proceeding and set up a

post-hearing conference to determine whether, because of the reorganization, the record in this proceeding was unreliable. Upon motion by MPIRG, SCAR and others the administrative law judge recommended dismissal. Following submission of Northwestern Bell's and the Department of Public Services' exceptions, MPIRG and SCAR submitted a responsive brief in support of the administrative law judge's recommendation. The Commission denied the motions.

The MPUC issued its findings of fact, conclusions of law and order in the general rate case on July 27, 1984. An order after reconsideration and rehearing was issued on September 26, 1984.

After the MPUC's decision in the general rate case, MPIRG, SCAR, Henry, and three other intervenors requested intervenor compensation for their participation in the proceeding. MPIRG and SCAR sought to recover out-of-pocket expenses and legal fees for the period following May 3, 1984. SCAR based its request upon its participation in the rate design portion of the case and its pursuit of dismissal. MPIRG based its request upon its testimony in relation to rate design, rate of return, the repression of service and its pursuit of dismissal. Henry, a CPA, sought to recover his out-of-pocket expenses and $60 per hour for all the time he spent on the proceeding.

Oral arguments in the matter were heard in October. At the conclusion of the deliberations, the MPUC passed a motion stating that some of the intervenors materially assisted the MPUC in its deliberations and others met the financial requirements but none met both criteria and therefore all requests for compensation should be denied.

By an order dated November 13, 1984, the MPUC rejected the requests for compensation. In its findings of fact and conclusions of law the MPUC acknowledged that the diversity of opinion of the participants helped it to make a more informed decision and the contributions were "important." The MPUC then adopted a standard to be applied when evaluating whether an intervenor provided material assistance:

> Where a party has won substantial relief in a lawsuit of related claims, a party need not prevail on all claims to be awarded its full fees. However, where a party achieves only limited success, the award of fees should be reasonable in relation to the results obtained.

Order Denying Reimbursement of Intervention Costs, November 13, 1984.

This standard was taken from *Hensley v. Eckerhart*, 461 U.S. 424, ——, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983), in which the Supreme Court articulated the standard to be used in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.

The MPUC found that the issues addressed by MPIRG, SCAR and two other intervenors were ones that both it and the general public had been "vitally concerned about for some time" and these intervenors "helped to emphasize the deep concern residential customers had regarding Northwestern Bell's proposal in this proceeding." It concluded that while consideration of these issues is "essential," MPIRG, SCAR and three other intervenors had not materially assisted it in reaching a decision regarding a reasonable rate because the issues were "matters of common knowledge or addressed by other parties." The MPUC further concluded that MPIRG and SCAR did not prevail completely and their participation was not a "significantly persuasive factor in reaching its conclusion * * *" and thus requests for reimbursements must be denied.

The MPUC also concluded that "under the statute" it cannot award compensation to Henry because he did not prevail on any of his claims.

The MPUC noted that there was no statutory provision for reimbursement for intervention at the time the parties intervened and concluded that this factor mitigated against awarding compensation.

One Commissioner dissented, stating in part:

The Commission also stated that it must subjectively judge the degree of success the parties contribute to the Commission's reasoning leading to the results obtained and that no party was a significantly persuasive factor in reaching the Commission's conclusions. However, in this proceeding, the Commission adopted certain portions of the ALJ's Report in its deliberation. When the Commission adopts the ALJ's recommendations for the same factual reasons as the ALJ made them and the ALJ was substantially persuaded by some of the party intervenors' testimony, then the Commission has inherently and materially been assisted by portions of the party intervenors' testimony in reaching its conclusions to modify, reject or adopt the Company's position in a particular matter.

MPRIG, SCAR and Henry moved for reconsideration. On January 10, 1985 the MPUC denied the motions. Each party appealed. Upon motion by the MPUC, this court consolidated the appeals.

## ISSUES

1. Do the relators have a right to challenge the MPUC order?

2. Did the MPUC properly deny intervenor compensation?

## ANALYSIS

1. Northwestern Bell argues that relators have not preserved their right to review because they did not file timely petitions for rehearing.

■■■ On November 13, 1984, the MPUC issued and served by mail its order denying compensation. MPIRG submitted a petition for reconsideration on November 26. SCAR submitted a petition on November 27 and Henry submitted a petition on December 3. Minn.Stat. § 14.64 (1984) provides in part:

> If *a* request for reconsideration is made within ten days after the decision and order of the agency, the 30-day period provided in section 14.63 shall not begin to run until service of the order finally

disposing of the application for reconsideration.

Minn.Stat. § 14.64 (emphasis added). Under Minnesota Rule of Civil Appellate Procedure 126.01, which adopts Minnesota Rule of Civil Procedure 6.05, three days are added to the 10 day period provided in Minn.Stat. § 14.64. *See Kenzie v. Dalco,* 309 Minn. 495, 245 N.W.2d 207 (1976). Therefore, MPIRG's request for reconsideration was timely. Minn.Stat. § 14.64 requires only "a" request for reconsideration. Once the request has been made by any party the 30 day appeal period does not begin to run as to all parties until service of the order disposing of the application. Since MPIRG's request was timely, the appeal period was stayed for all parties.

2. Judicial review of the MPUC's decision is governed by the Administrative Procedures Act, Minn.Stat. §§ 14.63–.69 (1984). We may reverse or remand an agency's decision if we find it is arbitrary or capricious or affected by other error of law. Minn.Stat. § 14.69. MPIRG and SCAR contend that the MPUC erred by using inappropriate standards for deciding whether an intervenor materially assisted the MPUC's deliberation. We agree.

■■ In this case the MPUC applied Minn.Stat. § 237.075, subd. 10, for the first time. Before applying the statute the MPUC specifically adopted a standard to be used in determining if material assistance had been rendered. The standard is based upon one articulated by the Supreme Court in *Hensley.* In *Hensley* the Supreme Court interpreted 42 U.S.C. § 1988, which provides in part:

> In any action or proceeding to enforce a provision of sections 1981 * * * the court, in its discretion, may allow the *prevailing party,* * * * a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (emphasis added). The court held that:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.

*Hensley*, 461 U.S. at —, 103 S.Ct. at 1943. 42 U.S.C. § 1988 specifically provides that attorney's fees can be awarded to prevailing parties. Minn.Stat. § 237.075, subd. 10, does not limit reimbursement to prevailing parties. Rather, it directs the MPUC to find whether the intervenor has materially assisted it in its deliberation. The MPUC erred by imposing the need to prevail as an additional limitation. Henry's participation in the rate proceeding was measured solely by this standard and he was denied reimbursement because he did not prevail on any of his claims. Although prevailing may be a factor which the MPUC may consider in determining whether there has been material assistance, it may not be determinative. Not only is such a limitation inconsistent with the statute but it is impractical in rate cases where the MPUC may engage in balancing of interests.

■ While the Commission specifically adopted one standard for measuring material assistance, it apparently used additional ones when considering MPIRG's and SCAR's requests for reimbursement. It found that the issues raised by MPIRG and SCAR and three other intervenors were matters of common knowledge or were addressed by other parties. If the denial of reimbursement to a party who raises issues addressed by other parties is a standard, one party who addresses an issue may receive reimbursement, but if more than one party addresses an issue, none of the parties will receive reimbursement. This standard does not fit within its definition of material assistance.

■ The MPUC also denied reimbursement to intervenors who raised issues of common knowledge. This factor may be useful in determining whether an intervenor materially assisted the MPUC's deliberations. However, because of inadequate findings in this case we are unable to discern exactly how the MPUC is using the term common knowledge and we are unable to determine whether the factor was applied to MPIRG or SCAR. In part of its order the MPUC seems to acknowledge that issues based on common knowledge

can be "vital" and consideration of them may be "essential." If special emphasis is placed upon issues of common knowledge by an intervenor and this emphasis weighs heavily in the MPUC's deliberation, it cannot be said that the intervenor did not materially assist.

This court must intervene:

where there is a combination of danger signals which suggest the agency has not taken a "hard look" at the salient problems and "has not genuinely engaged in reasoned decision making" * * [There is a] "need for conjunction of articulated standards and reflective findings, in furtherance of even-handed application of law, rather than impermissible whim, improper influence, or misplaced zeal."

*Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 825 (Minn.1977) (quoting *Greater Boston Television Corp. v. F.C.C.*, 444 F.2d 841, 851–52 (D.C.Cir.1970), *cert. denied*, 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed.2d 701 (1971)). A combination of danger signals exists in this case. Two of the standards used by the MPUC are inappropriate. A third is unsupported by findings and the conclusion reached is seemingly contradicted by the MPUC's acknowledgment that consideration of the issues raised is "essential" and that the "intervenors helped to emphasize the deep concern residential customers had regarding Northwestern Bell's proposals in the proceeding." Another danger signal is the inconsistency between the MPUC's motion and its written order. The motion passed by the MPUC stated that some intervenors materially assisted and others met the financial requirements, but none of the intervenors met both criteria. In its written order, the MPUC concluded that none of the intervenors met either criterion.

■ We reverse and remand to give the MPUC the opportunity to develop appropriate articulable standards, to remedy the inconsistency between its motion and order, and to make new findings and conclusions. Findings must be adequate to permit review. *See Minnesota Power & Light Co.*

*v. Minnesota Public Utilities Commission,* 342 N.W.2d 324 (Minn.1983).

We affirm that portion of the order denying Henry reimbursement for the period prior to May 3, 1984. The MPUC had no authority to award reimbursement for the period prior to May 3. *See Senior Citizens Coalition v. Minnesota Public Utilities Commission,* 355 N.W.2d 295 (Minn.1984).

### DECISION

The determination of whether and to what extent an intervenor should be reimbursed must be measured by articulable standards and supported by adequate findings.

Affirmed in part, reversed in part and remanded.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent and would affirm:

1. The legislature gave the MPUC the authority to order a telephone company to pay intervention costs if it finds that "the intervenor has materially assisted the commission's deliberation." Minn.Stat. § 237.-075, subd. 10 (1984). A determination whether it has been materially assisted is one that only the Commission can make and unlike other agency determinations, it may be based upon subjective rather than objective factors.

2. When reviewing an agency decision, a court attaches "a presumption of correctness" to the decision and gives deference to an agency's conclusion made in the area of its expertise. *Cable Communications Board v. Nor-west Cable Communications Partnership,* 356 N.W.2d 658, 668 (Minn.1984). Here, too, deference is appropriate because the MPUC is making a subjective determination that only it can make.

3. The Commissioners deliberated over a two-day period before making their determination that intervenor compensation should be denied. Each intervenor was considered. The order made by the MPUC was detailed. Given the wide latitude granted by the legislature to the MPUC to determine not only whether, but to what

extent, an intervenor should be reimbursed, the long deliberation, and the detailed order, I would affirm the MPUC's decision.

4. An affirmance would be consistent with the long-held standard that if an agency engages in reasoned decision-making, the court should affirm even though it may have reached a different conclusion had it been the fact finder. *Id.* at 669.