**STATE of Minnesota, Respondent,**

v.

**SCIENTIFIC COMPUTERS, INC., Relator.**

No. C3–85–2053.

Court of Appeals of Minnesota.

April 8, 1986.

Hubert H. Humphrey, III, Atty. Gen., Carl M. Warren, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Robert L. Hobbins, Pamela R. Saunders, Dorsey & Whitney, Minneapolis, for relator.

Heard, considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ.

### OPINION

PARKER, Judge.

This appeal is from an administrative law judge's determination that Scientific Computers, Inc., discriminated against Felicia Massey on account of race. After briefing and shortly before oral argument, the State moved to discharge the writ of certiorari, contending that Scientific Computers failed to serve the writ properly. We agree and discharge the writ of certiorari.

### FACTS

The Department of Human Rights filed a complaint against Scientific Computers, alleging discrimination against Felicia Massey and a "pattern and practice" of racial discrimination. A hearing was held before an administrative law judge.

The administrative law judge found that Scientific Computers' stated reason for not offering Massey employment was her previous geographic instability. He concluded that the stated reason was a pretext for racial discrimination and that Scientific Computers discriminated against Massey on the basis of her race in violation of Minn.Stat. § 363.03, subd. 1(2)(a) (1984). He further found that in 1983 and 1984 Scientific Computers engaged in a pattern and practice of racial discrimination against blacks at its Minnetonka facility in violation of Minn.Stat. § 363.03, subd. 1(2)(a) (1984). The administrative law judge ordered Scientific Computers to pay Massey lost wages, interest, damages for mental anguish, and punitive damages. He further ordered Scientific Computers to cease and desist from discriminating against blacks in its employment decisions. Scientific Computers, seeking review of that portion of the order pertaining to Massey, served a petition for a writ of certiorari and writ on the special assistant attorney general representing the department.

## ISSUE

Is service upon a special assistant attorney general representing an agency sufficient to initiate judicial review?

## ANALYSIS

The administrative law judge's order constitutes the final decision of the Department of Human Rights. Minn.Stat. § 363.071, subd. 2 (1984). Pursuant to Minn.Stat. § 363.072, subd. 1 (1984), judicial review of the Department's decision is governed by the Administrative Procedure Act, Minn. Stat. §§ 14.63–.69 (1984). Minn.Stat. § 14.63 provides:

A petition for a writ of certiorari * * * must be filed with the court of appeals and served on the agency not more than 30 days after the party receives the final decision and order of the agency.

In addition, Minn.Stat. § 14.64 provides:

Proceedings for review * * * shall be initiated by serving a petition for writ of certiorari personally or by certified mail upon the agency. * * *

A copy of the petition shall be provided to the attorney general at the time of service of the parties.

Statutes prescribing the procedures for filing and serving appeals are strictly construed. *See, e.g., County of Ramsey v. Minnesota Public Utilities Commission,* 345 N.W.2d 740, 744–45 (Minn.1984); *Hibbing Educational Association v. Public Employees Relations Board,* 342 N.W.2d 355, 356 (Minn.Ct.App.1984). Minn.Stat. §§ 14.63 and 14.64 both state that the petition for writ of certiorari must be served *on the agency.* The agency in this case is the Department of Human Rights. Not only does the statute explicitly require service upon the agency, but Minn.Stat. § 14.64 also requires the appellant to provide a copy of the petition to the attorney general. This compels the conclusion that service upon the attorney general is not service upon the agency.

Scientific Computers argues that this interpretation is contrary to Minn.R.Civ. App.P. 125.02, which provides that service on a party represented by counsel should be made on the attorney. The Administrative Procedure Act, rather than the Rules of Civil Appellate Procedure, governs the initiation of review of an administrative decision. Scientific Computers also argues that this court should apply the standards set forth in *Boom v. Boom,* 361 N.W.2d 34 (Minn.1985). However, these standards apply to "technical procedural deficiencies," not jurisdictional defects. The failure to serve a party is a jurisdictional defect. *See Hibbing Educational Association,* 342 N.W.2d at 356.

## DECISION

The writ of certiorari is discharged.