Tina M. SORENSON, Relator,

v.

LIFE STYLE, INC., Commissioner of Employment and Economic Development, Respondents.

No. A03–1505.

Court of Appeals of Minnesota.

Feb. 13, 2004.

Peter B. Knapp, William Mitchell Law Clinic, St. Paul, MN, for relator.

Mark R. Carver, Dow, Einhaus, Mattison & Carver, P.A., Owatonna, MN, for respondent employer Life Style, Inc.

Lee B. Nelson, St. Paul, MN, for respondent Commissioner of Employment and Economic Development.

Considered at Special Term and decided by TOUSSAINT, Chief Judge, KLAPHAKE, Judge, and G. BARRY ANDERSON, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Relator Tina M. Sorenson filed an administrative appeal of the denial of her claim for unemployment benefits. Both Sorenson and respondent-employer Life Style, Inc. were represented by counsel at the July 23, 2003 hearing before an unemployment law judge. In a July 25, 2003 decision, the unemployment law judge affirmed the denial of Sorensen's claim for benefits. Sorenson appealed the decision to the Commissioner of Employment and Economic Development. Life Style's counsel submitted a written response opposing the appeal. The commissioner's representative ruled that Sorenson was disqualified from receiving benefits on September 2, 2003.

On October 9, 2003, Sorenson filed this certiorari appeal with the clerk of the appellate courts. On October 9, Sorenson served by mail copies of the petition for the writ of certiorari and the other appeal papers on the commissioner and on counsel for Life Style. Life Style now moves to dismiss the appeal on the ground of lack of jurisdiction, arguing that Sorenson was required to serve the petition for certiorari directly on Life Style and that service of the petition on Life Style's counsel was ineffective.

## DECISION

This court shall, by writ of certiorari to the commissioner, review the commissioner's decision provided that a petition for the writ is filed with the court and a copy is served on the commissioner and any other "involved party" within 30 calendar days after the mailing of the commissioner's decision. Minn.Stat. § 268.105, subd. 7(a) (Supp. 2003). Three days are added to the statutory period to allow for mailing of the commissioner's decision. *Kenzie v. Dalco Corp.*, 309 Minn. 495, 497, 245 N.W.2d 207, 208 (1976).

The appeal period and the acts required to invoke appellate jurisdiction are governed by the applicable certiorari statute. Minn. R. Civ.App. P. 115.01. When a certiorari statute does not prescribe how service is to be effected, the appellate rules prescribing the manner of service apply. *Savre v. Indep. Sch. Dist. No. 283*, 642 N.W.2d 467, 470 (Minn.App. 2002). In unemployment appeals, the appellate rules govern the method of service of the petition because Minn.Stat. § 268.105, subd. 7(a), does not specify how service is to be effected.

The appellate rules provide that "[s]ervice on a party represented by counsel shall be made on the attorney." Minn. R. Civ.App. P. 125.02. Service may be personal or by mail, and service by mail is complete on mailing. Minn. R. Civ.App. P. 125.03. Sorenson's service of the petition for certiorari on Life Style's counsel by mail on October 9 was timely and proper.

In support of its argument that Sorenson's service of the petition on counsel was ineffective, Life Style relies on *King v. Univ. of Minn.*, 387 N.W.2d 675 (Minn. App.1986), *review denied* (Minn. Aug. 13, 1986). In *King*, this court dismissed the certiorari appeal as untimely, holding that the 30–day statutory appeal period was triggered by the mailing of the commissioner's decision to relator personally, rather than the subsequent mailing of the decision to relator's counsel. *Id.* at 676–77. While acknowledging that the question was close, this court adopted the reasoning of *State v. Scientific Computers, Inc.*, 384 N.W.2d 560 (Minn.App.1986). *King*, 387 N.W.2d at 677. In *Scientific Computers*, this court discharged a writ of certiorari because the petition was served on the respondent agency's counsel rather than the respondent agency itself. 384 N.W.2d at 561. In *Scientific Computers*, this court refused to apply Minn. R. Civ. App. P. 125.02 and held that because statutes prescribing the procedures for filing and serving appeals are strictly construed, service on counsel representing the agency did not constitute service on the agency. *Scientific Computers*, 384 N.W.2d at 561.

The supreme court implicitly rejected this court's reasoning in *Scientific Computers*. In a published order, the supreme court reversed this court's decision discharging the writ and remanded the matter to this court for disposition of the appeal on the merits. *State by Johnson v. Scientific Computers*, 388 N.W.2d 748, 748 (Minn.1986). In a later case, based on the supreme court's disposition in *Scientific Computers*, this court held that service of the petition on the attorney general representing the state agency satisfied the requirement that the petition for certiorari be served on the agency. *In re Minor Modification to Solid Waste Permit SW–61*, 448 N.W.2d 877, 877 (Minn.App.1989). Similarly, Sorenson's service of the petition on the attorney representing Life Style satisfies the requirement of Minn. Stat. § 268.105, subd. 7(a) that the petition for certiorari be served on any other involved party.

**Motion to dismiss denied.**