Rosalie DAVIS and Deoborah White, Petitioners, Appellants,

v.

MINNESOTA DEPARTMENT OF HUMAN RIGHTS, Respondent,

Municipal and Public Services, Inc., Respondent.

No. C0-84-363.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Roderick Macpherson, III, Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Richard Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent Minn. Dept. of Human Rights.

Gary Rankila, Minneapolis, for respondent Mun. & Public Services, Inc.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

Appellants' complaint of discrimination was heard by a hearing examiner. On July 21, 1983, the examiner awarded damages to appellants. On July 26, 1983, the Attorney General's office, as counsel for respondent Department of Human Rights, advised appellants of the decision and their right to appeal to district court. On August 23, 1983, appellants filed a pro se appeal in Hennepin County District Court. On January 31, 1984, it was dismissed for lack of jurisdiction. On February 24, 1984, an appeal was filed with the Court of Appeals. On May 18, 1984, we ordered the parties to brief the question of this court's jurisdiction to review the July, 1983 decision of the hearing examiner.

### ANALYSIS

1. Effective August 1, 1983, jurisdiction over appeals of final decisions in contested cases was transferred to this court. 1983 Minn.Laws, Ch. 247, § 27, codified as Minn. Stat. § 14.63 (Supp.1983). Appellants improperly filed their appeal in district court after August 1, 1983, and were properly dismissed.

2. Appellants now urge the Court of Appeals to suspend the rules of appellate procedure and review the decision of the hearing examiner. The rules may be suspended under specified circumstances. Rule 126.02 of the Minnesota Rules of Civil Appellate Procedure provides:

> The appellate court for good cause shown may by order extend or limit the time prescribed by these rules or by its order for doing any act, and may permit an act to be done after the expiration of that time if the failure to act was excusable under the circumstances. *The appellate court may not extend or limit the time for filing the notice of appeal or the time prescribed by law for securing review of a decision or an order of a court or an administrative agency,*

*board, commission or officer, except as specifically authorized by law.*

*Id.* (emphasis added). This rule specifically prohibits the appellate court from extending the time for filing a notice of appeal or petitioning for review. Since appellants' appeal was not timely filed and we cannot extend the time for filing, we lack jurisdiction over the appeal.

3. While we are troubled about the incorrect advice by the Attorney General's office regarding appellate practice in this case and petitioners' possible reliance thereon, we are powerless to extend time for an appeal in order to grant jurisdiction in an administrative agency appeal. Minn. Stat. § 14.63 (Supp.1983).

## DECISION

Appellants' failure to timely file their appeal with the Court of Appeals deprives this court of jurisdiction. The appeal is dismissed.