**AG SERVICES OF AMERICA, INC.,**
**an Iowa Corporation,**
**Respondent,**

v.

**Mary SCHROEDER, et al., Appellants,**

**Rosemary Stalter, et al., Defendants.**

**No. A04–1150.**

Court of Appeals of Minnesota.

March 8, 2005.

Reed H. Glawe, Peter D. Favorite, Gislason & Hunter, L.L.P., New Ulm, MN, for respondent.

William L. French, Rochester, MN; and Jeffrey A. Mintz, Wendland Utz & Mintz, Ltd., Rochester, MN, for appellants.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and SCHUMACHER, Judge.

## OPINION

MINGE, Judge.

Appellants Mary Schroeder, Rolf A. Schroeder, and Jean L. Schroeder (Schroeders) challenge summary judgment granted to respondent, Ag Services of America, Inc. (Ag Services). Because the district court erred as a matter of law by holding that certain statutory requirements incident to the right of first refusal for agricultural land under Minn.Stat. § 500.245 (2004) are not mandatory, we reverse. Because Ag Services failed to give the 14–day notice of intent to sell

required by law, the district court erred in determining that Ag Services entered into a valid and enforceable purchase agreement with Ken Vagts, the real estate broker, to convey the land. Because the Schroeders have failed to produce any facts to support their contentions that Ag Services misrepresented its willingness to extend the statutory redemption period and breached an agreement with the Schroeders, we affirm the district court's order denying the Schroeders' motion to amend their answers to add such counterclaims. Because we have concluded that the purchase agreement between Ag Services and Vagts is unenforceable, we do not address the district court's refusal to add a declaratory-judgment action to determine whether the purchase agreement is void, and refusal to add Vagts as an indispensable party. Because the Schroeders did not raise the issue in the district court of removing the district court judge, we will not consider that issue for the first time on appeal. We affirm in part and reverse in part.

## FACTS

This dispute concerns agricultural land in Houston County that the Schroeders previously owned. On October 17, 2000, Ag Services foreclosed on its mortgage and purchased the land for $821,151.

The Schroeders negotiated with Ag Services about redeeming the property during the 12–month redemption period. Although no formal agreement was reached before the redemption period expired on October 17, 2001, the Schroeders were optimistic that they would be able to retain the property. Following up on oral negotiations that began in June 2001, an agent of the Schroeders sent Ag Services a written offer to purchase the property on October 31, 2001. The terms of this offer included a purchase price of $1 million and required

that Ag Services finance $500,000, secured by a junior mortgage. The offer was never accepted.

On November 20, 2001, Ag Services approached Ken Vagts, a real estate broker and owner of the Alliance Land Company (Alliance), to list the property for sale. Vagts offered to personally purchase the property for $1.2 million. On November 21, 2001, Ag Services and Vagts signed a purchase agreement for that figure and Vagts paid $20,000 in earnest money. At the same time, Vagts, as a representative of Alliance, entered into a listing agreement granting Alliance the exclusive right to sell the land and guaranteeing Alliance a minimum commission of $36,000, regardless of who purchased the property. The purchase agreement with Vagts was set for closing on February 15, 2002.

Also on November 20, 2001, Ag Services met with the Schroeders to discuss their interest in purchasing the property. At this meeting, the Schroeders made an oral offer to pay $800,000 for the property. Ag Services rejected the Schroeders' offer. On November 21, as soon as it had completed the discussion with Vagts, Ag Services informed the Schroeders of the agreement with Vagts and hand delivered copies of Vagts' purchase agreement to them. The Ag Services representative orally informed the Schroeders that their statutory right of first refusal was triggered by the delivery of the copy of the purchase agreement. On November 30, 2001, Ag Services sent the Schroeders written statutory notice of their right of first refusal, which specified that the Schroeders had 65 days to exercise that right and if so exercised, 10 days to make payment. Attached to the mailed notice was another copy of the purchase agreement between Vagts and Ag Services.

On February 1, 2002, the Schroeders notified Ag Services that they were exer-

cising their right of first refusal and that they would complete the purchase of the property in accordance with the terms of the purchase agreement with Vagts. The Schroeders did not make payment within the 10–day period or subsequently.

As a result of title objections raised by Vagts' lender, the closing between Ag Services and Vagts was postponed pending successful completion of a quiet-title action. On April 8, 2002, Ag Services initiated a quiet-title action to correct the legal description that had been used in the mortgage foreclosure and any other issues. The Schroeders answered the quiet-title action and counterclaimed arguing that their right of first refusal had not expired and that Ag Services was permitting waste on the property, and requesting the appointment of a receiver. Ag Services moved for summary judgment and the Schroeders moved to amend their answer to add counterclaims and sought a continuance to conduct discovery. The district court granted the summary judgment motion and dismissed the Schroeders' motion. The Schroeders appealed and on June 24, 2003, this court reversed and remanded on the ground that the district court abused its discretion in failing to grant a continuance to conduct discovery. *Ag Services of America, Inc. v. Schroeder*, C3–02–1989, 2003 WL 21448874 (Minn.App. June 24, 2003).

Following the close of discovery, Ag Services filed a second motion for summary judgment arguing that the Schroeders' right of first refusal had terminated and that Ag Services should be adjudged fee-title owner. In the course of discovery, it was learned that Ag Services failed to give the Schroeders the statutorily required 14–day notice of intent to sell or affidavit affirming the purchase agreement. The Schroeders claimed that as a result of such failures, their statutory right of first refusal had not been extinguished. In addition, the Schroeders moved for leave to amend their answers to add counterclaims that Ag Services intentionally or negligently misrepresented that it would extend the period for redeeming from the mortgage foreclosure; that Ag Services breached its contract with them by selling the property to Vagts; and that the purchase agreement between Vagts and Ag Services was void. The district court granted Ag Services' motion for summary judgment and denied the Schroeders' request to amend. The Schroeders again appeal to this court.

## ISSUES

I. Did the district court err in concluding that the statutory provisions for providing a 14–day notice of intent to sell and an affidavit affirming the purchase agreement under Minn.Stat. § 500.245 (2004) are directive?

II. Was Ag Services required to give the statutorily required 14–day notice of intent to sell prior to agreeing to sell the property to Vagts?

III. Did the district court abuse its discretion in denying the Schroeders' motion to add counterclaims for intentional and negligent misrepresentation and breach of contract?

IV. May the Schroeders remove the district court judge who has heretofore heard this matter from further consideration of the case?

## ANALYSIS

The district court should grant summary judgment when there is no genuine issue of material fact and either party is entitled to a judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). On an appeal from summary judgment, this court reviews the record to determine: (1) whether any genuine issues of material

fact exist; and (2) whether the lower court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

## I.

■ The first issue is whether the statutory notice of intent to sell and the statutory affidavit affirming the purchase agreement must be given to comply with the right of first refusal. The district court found as a matter of law that the statutory provisions under Minn.Stat. § 500.245 (2004) requiring a 14–day notice of intent to sell and an affidavit affirming the purchase agreement, are directive, not mandatory, and that Ag Services substantially complied with the statutory directive. A reviewing court need not defer to a district court's decision on a pure question of law. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Statutory interpretation is a question of law subject to de novo review. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996); *Harbal v. Fed. Land Bank of St. Paul*, 449 N.W.2d 442, 446 (Minn.App.1989), *review denied* (Minn. Feb. 21, 1990).

The appellate court's function in interpreting statutes is to ascertain and effectuate legislative intent. *See* Minn.Stat. § 645.16 (2004). "The fundamental rule of statutory construction is to look first to the specific statutory language and be guided by its natural and most obvious meaning." *State v. Nelson*, 671 N.W.2d 586, 589 (Minn.App.2003). If a statute is unambiguous, its plain meaning is applied. *Beaulieu*, 552 N.W.2d at 701. A statute is unambiguous if it is not "reasonably sus-

ceptible to more than one interpretation." *Id.* If there is clear manifestation of the legislature's intent through the statute's " 'plain and unambiguous language,' statutory construction is not necessary nor is it permitted." Minn.Stat. § 645.16 (stating that if a law is unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit"); *Beaulieu*, 552 N.W.2d at 701 (quoting *Ed Herman & Sons v. Russell*, 535 N.W.2d 803, 806 (Minn.1995)).

■ The right of first refusal for agricultural land was created in 1986 in response to a farm crisis and was part of a package of legislation passed to assist family farms. 1986 Minn. Laws. ch. 398, art. 19 ("there is a rural economic emergency resulting from the agricultural economic depression. Foreclosure sales and subsequent deficiency judgments are debilitating the people foreclosed.").[1] In establishing the right of first refusal, the legislature intended to grant farmers a substantive right, which was recognized by the courts. *See Crowell v. Delafield Farmers Mut. Fire Ins. Co.*, 463 N.W.2d 737, 739–40 (Minn.1990) (finding that after the expiration of the foreclosure redemption period, but during right-of-first-refusal period, farmers had insurable interest in and were entitled to insurance proceeds for destruction of their farm house). The statute states in pertinent part:

Subdivision 1. Disposal of land. (a) A ... corporation, or limited liability company may not lease or sell agricultural land or a farm homestead before offering or making a good faith effort to offer the land for sale or lease to the immediately preceding former owner.... The

---

1. Chapter 398 also included the following legislation: an act that provided for mandatory mediation between debtor and creditor; a family-farm legal-assistance program; a rural finance authority to provide credit to farmers. Act of Mar. 21, 1986, ch. 398, art. 1 (codified at Minn.Stat. § 583.26); Act of Mar. 21, 1986, ch. 398, art. 3 (codified at Minn.Stat. § 480.250); Act of Mar. 21, 1986, ch. 398, art. 6 (codified at Minn.Stat. § 41B.01).

offer *must* be made on the notice to offer form under subdivision 2. . . . . *The seller must provide written notice to the immediately proceeding former owner that the agricultural land or farm homestead will be offered for sale at least 14 days before the agricultural land or farmstead is offered for sale.*

. . . .

Subdivision 2. Notice of offer. (a) The . . . corporation, or limited liability company subject to subdivision 1 must provide a notice of an offer to sell. . . .

. . . .

(b) For an offer to sell, a copy of the purchase agreement containing the price and terms of the highest offer made by a third party that is acceptable to the seller and a *signed affidavit by the seller affirming that the purchase agreement is true, accurate, and made in good faith must be included with the notice under this subdivision* . . . .

. . . .

(d) The affidavit under paragraphs (b) and (c) is subject to section 609.48 [perjury statute].

Minn.Stat. § 500.245 (emphasis added). The record indicates and the district court found that Ag Services failed to comply with the 14–day–notice and affidavit-of-good-faith provisions. The district court

concluded that the term "must" in the 14–day notice and affidavit provisions is ambiguous and then determined that the provisions are directive because the statute does not provide consequences for failing to comply with its requirements.

The Minnesota statutes contain definitions for interpreting "words, terms and phrases used in Minnesota Statutes or any legislative act." Minn.Stat. § 645.44, subd. 1 (2004). In 2001 the legislature amended the section to add a subdivision that explicitly defines "must" as "mandatory." [2] Minn.Stat. § 645.44 subd. 15a (2004); Laws 2001, 1st Spec. Sess., c. 10, art. 2, § 84, added subd. 15a defining "must." Subsequent cases have relied on this subdivision to interpret other statutes that contain the term "must" as mandatory. *See, e.g., Cole v. Metro. Council HRA,* 686 N.W.2d 334, 338 (Minn.App.2004) (finding "must" language in section 8 regulations prohibited officer from considering hardships in evaluating termination of benefits); *Dyrdal v. Golden Nuggets, Inc.,* 672 N.W.2d 578, 589 (Minn.App.2003) (holding statutory requirement that motion for sanctions be made separately was mandatory), *aff'd on other grounds,* 689 N.W.2d 779 (Minn.2004).[3]

■ Here the language of the right of first refusal statute is plain, unambiguous,

---

**2.** The amendment applies in this case because the amendment went into effect on July 1, 2001, and Ag Services' failure to comply with the statutory provisions did not occur until more than three months later.

**3.** This court has found other statutes predating enactment of Minn.Stat. § 645.44, subd. 15a involving "must" unambiguous and mandatory. *See, e.g., Demolition Landfill Servs., L.L.C. v. City of Duluth,* 609 N.W.2d 278, 281–82 (Minn.App.2000) (stating statute requiring agency to simultaneously provide written reasons denying zoning permit was unambiguous and mandatory), *review denied* (Minn. July 25, 2000). Because the plain meaning of the

statute is controlling in this case, we do not consider whether the absence of statutorily defined consequences for its violation makes the statute "directive" and requires a finding of actual prejudice or other factors to ascertain the remedy. *See Beaulieu,* 552 N.W.2d at 701–02, 704. (The majority eschews the mandatory/directive analysis in considering the meaning of the word "shall." The dissent protests that the majority is departing from caselaw which interprets statutory provisions as either directive or mandatory based on whether the statute provides a remedy or penalty for failing to comply with the statute's mandate).

and clearly states that a 14–day notice of intent to sell and an affidavit of good-faith purchase agreement "must" be provided. The district court erred as a matter of law in finding that the provisions of the right-of-first-refusal statute were directive and that strict compliance with the statute was not required. Failure to give the mandatory notice of intent to sell and failure to provide the required affidavit constitute failure to offer the right of first refusal as required by law. Because the affidavit of good faith that is required as a part of the notice of the right of first refusal has not been properly given, the Schroeders still have the right of first refusal. The district court erred in entering summary judgment quieting title.

■ Ag Services argues that it is entitled to summary judgment even though it failed to abide by the provisions of the statute because the Schroeders were not prejudiced and failed to demonstrate that they could have performed if they had received proper notice. Ag Services does not cite any authority to support a requirement that prior owners must additionally show prejudice in order to preserve their right of first refusal under the law. The statute does not require and we will not read this restriction into the statute.

## II.

■ The next issue is the validity of Vagts' purchase agreement. The apparent purpose of the 14–day notice of intent to sell the property is to place the former owner on notice that the seller is considering the sale of the property. *See* Minn. Stat. § 500.245, subd. 1(a). The former owner then has two weeks to take whatever steps that former owner considers advisable to advance or protect his interests. This might include making offers or attempting to negotiate a purchase before a third party negotiates contractual rights.

The notice is a warning to the former owners that in 14 days another party may have contract rights in the property.

The record in this case is replete with evidence that the Schroeders were not clear as to what was happening. The record indicates that they thought their redemption period from the foreclosure was still open. They were attempting to negotiate a "redemption" through an intermediary several weeks after that period had expired. At that time their agent made an offer to purchase the property. Without first saying it planned to talk with a third party, Ag Services inquired of the Schroeders what their interest was in purchasing the property. They orally offered $800,000, which was $200,000 less than they had offered in writing three weeks earlier. The district court found that Ag Services rejected the Schroeders' offer, orally informed them of Vagts' $1.2 million offer, gave them a copy of Vagts' purchase agreement, and advised them that the 65–day right-of-first-refusal period was beginning to run from November 21, 2001. A week later, Ag Services sent written notice that the right of first refusal began to run on November 30, 2001, and provided copies of the purchase agreement and listing agreement. Next, a dispute arose over the role of Ken Vagts and Alliance and whether the minimum commission for Alliance was really a $36,000 discount to Vagts. Although the district court has found that Vagts, Alliance, and Ag Services were all acting in good faith, the situation involving Vagts, Alliance, and the guaranteed commission created confusion and ambiguities.

■ The statute providing for the right of first refusal is detailed. *See* Minn.Stat. § 500.245. By requiring the notice of intent to sell and an affidavit of good faith regarding the price, the legislature created formalities that were intended to avoid such ambiguities. *Id.*, subds. 1(a), 2(b). It

is significant that in requiring the affidavit, the legislature included a cross-reference to the criminal perjury statute. *See* Minn. Stat. § 500.245, subd. 2(d). This appears intended to warn those who prepare and sign the affidavit of its seriousness. *See Lilyerd v. Carlson*, 499 N.W.2d 803, 811 (Minn.1993) (noting that equitable remedies such as specific performance and setting aside an agreement are appropriate in right of first refusal actions); *Harbal*, 449 N.W.2d at 448–49 (affirming avoidance of sale as necessary for the enforcement of the statutory right of first refusal). The failure of Ag Services to carefully comply with the statute is not irrelevant to the ensuing confusion in this matter.

The Schroeders have urged that the purchase agreement between Ag Services and Vagts be set aside because of a lack of good faith. The district court denied their motion to amend their answer to add a declaratory judgment claim that Vagts' purchase agreement is void. We do not reach this question. Rather, we conclude that the failure to give the 14–day advance notice of intent to sell is a prior failure. As we have observed, this notice requirement can serve a useful purpose. We conclude that until the notice of intent is given, as required by law, Ag Services could not, as a matter of law, contract to sell the property to a third party and that the purchase agreement with Vagts is unenforceable.[4]

■ The Schroeders also appeal the dismissal of their claim that Ag Services was committing waste and requesting the appointment of a receiver. This issue was not argued in the briefs and accordingly is deemed waived. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn.1982).

## III.

■■ The Schroeders argue that the district court abused its discretion in denying their motion to amend their answer to add two counterclaims relating to the extension of the redemption period. A party may amend its pleading by leave of the court. Minn. R. Civ. P. 15.01. The district court should liberally grant motions to amend when justice requires and doing so will not result in prejudice to the adverse party. Minn. R. Civ. P. 15.01; *Fabio*, 504 N.W.2d at 761. But courts can deny motions to amend when the additional claims cannot withstand summary judgment. *Rosenberg v. Heritage Renovations, LLC*, 685 N.W.2d 320, 332 (Minn. 2004) (affirming denial of motion because motion would not survive summary judgment); *M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 290 (Minn.1992) (upholding denial of motion to add tort claim when no facts supported claim). "Generally, the decision to permit or deny amendments to pleadings is within the discretion of the district court and will not be reversed absent a clear abuse of discretion." *Johns v. Harborage I, Ltd.*, 664 N.W.2d 291, 295 (Minn.2003).

■ The Schroeders argue that Ag Services intentionally or negligently misrepresented that it would extend the statutory redemption period. To establish intentional misrepresentation, the appellant must show that the respondent falsely or misleadingly represented a material fact with the intent to induce appellant's conduct and that appellant acted in reliance on the respondent's false or misleading representations to his detriment. *See, e.g., Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 202–03, 175 N.W.2d 184, 187 (1970),

---

**4.** The validity of the listing agreement with Alliance is not directly challenged in this appeal, and we do not reach that issue.

*overruled on other grounds by State by Humphrey v. Alpine Air Prods., Inc.,* 500 N.W.2d 788 (Minn.1993) (listing essential elements necessary to establish intentional misrepresentation).

The Schroeders present no evidence that Ag Services made any representation regarding the extension of the redemption period. Based on the district court's findings, it appears that the Schroeders' evidence in support of their claim is a letter from their agent to their attorney in which the agent writes, "I again requested a letter [from Ag Services] stating that we were in agreement and Ag Services was extending the deadline." The agent does not explain what "deadline," and the court is left to speculate whether this in fact is a reference to an extension of the redemption. The situation is further confused because the agent was offering to *purchase* the property for more than the amount necessary to redeem. Also, the Schroeders offer no facts to explain how they relied on this alleged representation.

Similarly, the Schroeders offer no facts to establish a claim that Ag Services made a negligent misrepresentation. Such a cause of action requires a showing that one acted negligently in communicating information and that the party owes a duty of reasonable care to the person to whom the information was provided. *See Florenzano v. Olson,* 387 N.W.2d 168, 174 (Minn. 1986); *Smith v. Woodwind Homes,* 605 N.W.2d 418, 424 (Minn.App.2000).

The breach-of-contract claim is also vague and not developed. It is not clear whether the Schroeders are referring to a contract extending the redemption period or granting them the right to purchase the property. The claim that Ag Services breached its contract to extend the redemption period further fails because an extension of the statutory redemption period involves an interest in land; agreements to create an interest in land are void unless the terms are memorialized in writing, and here there is no evidence of any written agreement. *See* Minn.Stat. § 513.05 (2004). Finally, there is no evidentiary support for a claim for breach of contract to sell the property because the Schroeders have failed to produce any evidence that their offers were accepted. *See Schwinn v. Griffith,* 303 N.W.2d 258, 261 (Minn.1981) (finding that where a writing is required for the contract, a written offer to sell "does not evidence a completed contract and a written acceptance is required"). We conclude that the record supports the district court's denial of the Schroeders' motion to add a counterclaim for intentional or negligent misrepresentation and breach of contract.

## IV.

Finally, the Schroeders request that we direct the district court judge to remove himself from this case. The Schroeders made no motion in district court seeking this relief, and we decline to address the issue in the absence of prior consideration by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988); *see also Uselman v. Uselman,* 464 N.W.2d 130, 139 (Minn.1990) (holding that a party must bring a motion demonstrating "prejudice or implied or actual bias" if the party failed to remove the judge before trial), *superceded by statute on other grounds,* Minn.Stat. § 549.21 (1990); *Haefele v. Haefele,* 621 N.W.2d 758, 766 (Minn.App. 2001) (removal of judge rests within district court's discretion); *Maher v. Maher,* 393 N.W.2d 190, 193 n. 2 (Minn.App.1986) (rejecting appellant's argument to assigning different judge on remand). We also caution the Schroeders that adverse rulings are not a basis for imputing bias to a

judge. *Olson v. Olson,* 392 N.W.2d 338, 341 (Minn.App.1986).[5]

## DECISION

We reverse the determination of the district court that the statutorily required 14–day notice of intent to sell and affidavit of good faith are not mandatory and hold that because of Ag Services' failure to give that notice and affidavit, the Schroeders still have a right of first refusal and the purchase agreement between Ag Services and Vagts is unenforceable. We affirm the denial by the district court of the Schroeders' motion to add counterclaims to reinstate the redemption period. We deny the request of the Schroeders to remove the district court judge.

**Affirmed in part and reversed in part.**

5. We note that the district court found that Dean Schroeder violated the statutory prohibition of negotiating a sale of property after exercising the right of first refusal. Minn. Stat. § 500.245, subd. 1(n). He is not a party in this action and it appears that he had no right of first refusal. Therefore, we caution the district court in imputing his actions to the Schroeders when it is unclear whether he had any authority to negotiate the sale of the farmland.