**In the Matter of the Findings of Abuse of D.F.C., Appellant,**

v.

**MINNESOTA COMMISSIONER OF HEALTH, Respondent.**

No. A04–551.

Court of Appeals of Minnesota.

March 22, 2005.

Mark W. Bay, Peterson, Engberg & Peterson, Minneapolis, MN, for appellant.

Mike Hatch, State Attorney General, Jocelyn F. Olson, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, MINGE, Judge, and WRIGHT, Judge.

## OPINION

RANDALL, Judge.

On appeal from an order of the Commissioner of Health affirming her disqualification from a health-care position allowing direct contact with vulnerable adults, based on a finding of abuse, appellant D.F.C. argues that (1) the commissioner did not "issue" its order because she failed to serve appellant a copy of the order, and (2) a notice of appeal served and filed within 33 days after mailing of the order from which the appeal is taken is timely under Minn. R. Civ. P. 6.05. Because the commissioner failed to send appellant a copy of the order, the 30–day appeal time set forth in Minn.Stat. § 256.045, subd. 7 (Supp.2003), did not begin to run. We reverse the district court's dismissal for lack of subject matter jurisdiction and remand.

## FACTS

In August 2001, appellant D.F.C. was employed as a nurse aide at Pine Medical Health Care Center (PMHCC). Following a report that appellant had abused a vulnerable adult at the PMHCC, the Minnesota Department of Health (MDH) conducted an investigation pursuant to the Vulnerable Adults Act. The MDH found that:

> While working as a nurse aide at [PMHCC], [appellant] physically abused a resident on or about August 29, 2001. She grabbed the resident's wrist and yanked her to a standing position, resulting in a bruise on the resident's wrist the size of a fifty-cent piece that was still visibly purple on October 3, 2001.

The MDH's findings resulted in a recommendation that appellant be disqualified due to the seriousness of her offenses and that she be immediately removed from direct contact services.

Appellant appealed the MDH's finding by requesting an evidentiary hearing. After conducting a two-day hearing, the appeals referee concluded that the MDH had failed to establish by a preponderance of the evidence that appellant had committed vulnerable adult abuse, and recommended that the MDH's findings be reversed.

On September 25, 2003, the Commissioner of Health rejected the referee's recommendation. The commissioner noted that the case was close, but found that the MDH met its evidentiary burden and showed by a preponderance of the evidence that appellant had abused the resident. That same day, copies of the signed order were mailed to appellant's counsel and to the attorney general's office. A copy of the order was not mailed to appellant.

Appellant served her notice of appeal by mail on the Commissioner of Health on October 28, 2003; 33 days after the commissioner mailed the signed copies of the order. Respondent subsequently moved to dismiss for lack of jurisdiction because the appeal was untimely. Following a hearing on the matter, the district court granted respondent's motion because appellant failed to appeal within the 30–day period as required by Minn.Stat. § 256.045, subd. 7 (Supp.2003). This appeal followed.

## ISSUE

Did the district court properly dismiss appellant's appeal for lack of subject matter jurisdiction?

## ANALYSIS

Minn.Stat. 256.045, subd. 7, provides:

[A]ny party who is aggrieved by an order of the commissioner of human services, or the commissioner of health in appeals within the commissioner's jurisdiction under 3b ... may appeal the order to the district court of the county responsible for furnishing assistance, or, in appeals under subdivision 3b, the county where the maltreatment occurred, by serving a written copy of notice of appeal upon the commissioner and any adverse party of record *within 30 days after the date the commissioner issued the order*, the amended order, or order affirming the original order, and by filing the original notice and proof of service with the court administrator of the district court. Service may be made personally or by mail; service by mail is complete upon mailing.

(emphasis added). The failure of an aggrieved party to commence an appeal of a state agency decision within the time limits in the statute governing such appeals properly results in dismissal for lack of jurisdiction. *Davis v. Minn. Dept. of Human Rights*, 352 N.W.2d 852, 854 (Minn. App.1984). Questions of subject-matter jurisdiction are reviewed de novo. *Johnson v. Murray*, 648 N.W.2d 664, 670 (Minn.2002).

## A. Issuance of the commissioner's order

Appellant argues that the commissioner did not "issue" her order because she failed to serve appellant with a copy of the order. Appellant contends that by failing to "issue" the order, the 30–day appeal time set forth in Minn.Stat. 256.045, subd. 7, did not begin to run, and, therefore, her appeal was timely.

■ It is not abundantly clear under Minnesota Statutes chapter 256, or prior caselaw, as to what exactly constitutes the "issuance" of the commissioner's order. But "issue" connotes communication. To "issue" means: "To send out or distribute officially." *Black's Law Dictionary* 836 (7th ed.1999). The fundamental essence of due process is that you get some kind of "notice" about what you have to do. *See Goldberg v. Kelly*, 397 U.S. 254, 268–69, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970) (stating that due process generally requires reasonable notice and a hearing). A person has to be fairly told what kinds of timelines have to be observed before he can lose by default for not observing them. *See Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (stating the "right to be heard has little reality or worth unless one is informed"). It has to be fairly communicated to a person as to what he is expected to do before he can be reproved for not doing it. *See id.* (stating that notice must be of such nature as reasonably to convey the required information). We conclude that under Minn.Stat. 256.045, subd. 7, the commissioner "issues" the order by *mailing* the order to the person involved.[1] Issuing is not the same as signing, contrary to respondent's position. We find it is entirely possible for someone to sign an order but then leave it on a desk or in a drawer for days while contemplating revisions or contemplating whether or not to send the order. It would be illogical to count those days against the recipient for appeal purposes.

■ Appellant does not dispute that the commissioner (in this instance) did mail

---

1. Minn.Stat. § 256.0451, subd. 1 (Supp. 2003), defines "person" as:

   an individual who, on behalf of themselves or their household, is appealing or disputing or challenging an action, a decision, or a failure to act, by an agency in the human services system. When a person involved in a proceeding under this section is represented by an attorney or by an authorized representative, the term "person" also refers to the person's attorney or authorized representative.

the order on the same date that the order was signed. It is undisputed that the commissioner sent the order to appellant's attorney. Appellant contends that for the "issuance" of the order to be valid so that the appeal time begins to run, the commissioner is required to issue an order *directly to appellant*. We agree. In support of her claim, appellant asserts that various portions of Minnesota Statutes chapter 256 require service of certain documents on both the petitioner and the petitioner's attorney. For example, appellant points out that Minn.Stat. § 256.0451, subd. 23 (Supp.2003), requires that if the commissioner refuses to accept the recommended order from the appeals referee, the proposed modified order shall be sent to both the person involved and their attorney to enable the person involved to have at least ten business days to respond to the proposed modification of the recommended order.[2] Appellant argues that because certain portions of Minnesota Statutes chapter 256 require service of certain documents on both appellant and her attorney, the legislature must have intended that the commissioner also serve her final order on both appellant and her attorney.

We agree with respondent that, normally, service on a party's attorney is sufficient. *See* Minn. R. Civ. P. 5.02 (stating that whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court). But we cannot ignore the plain language contained in Minn.Stat. § 256.0451, subd 23. This statute provides:

**Refusal to accept recommended orders.** (a) If the commissioner refuses to accept the recommended order from the appeals referee, the person involved, the person's attorney or authorized representative, and the agency shall be sent a copy of the recommended order, a detailed explanation of the basis for refusing to accept the recommended order, and the proposed modified order.

(b) The person involved and the agency shall have at least ten business days to respond to the proposed modification of the recommended order. The person involved and the agency may submit a legal argument concerning the proposed modification, and may propose to submit additional evidence that relates to the proposed modified order.

Minn.Stat. § 256.0451, subd. 23.

Although Minn.Stat. § 256.045, subd. 7, does not specify to whom notice of the commissioner's final order must be sent, Minn.Stat. § 256.0451, subd 23(a), specifically states that if the commissioner refuses to accept the recommended order from the appeals referee, *both the person involved and his or her attorney* shall be sent a copy of the recommended order. Both Minn.Stat. § 256.045, subd. 7, and Minn.Stat. § 256.0451, subd 23, provide timetables for responding to the commissioner's order. Minn.Stat. § 256.045, subd. 7, provides a party with 30 days to appeal to the district court, and Minn.Stat. § 256.0451, subd 23(b), provides a party ten days to respond to the proposed modification of the recommended order. We conclude that it is inconsistent with the language of Minnesota Statutes chapter 256 that Chapter 256 would require notice be sent to both the person involved and his attorney for purposes of the ten-day response time under Minn.Stat. § 256.0451, subd. 23, but not for purposes of the 30-day time to appeal to the district court.

2. Appellant also notes that under Minn.Stat. § 256.0451, subd. 5 (Supp.2003), the person involved shall be sent a record of the prehearing conference.

We note that as a practical matter, notice should be sent to the person involved. Quite often, in proceedings such as this one, the person involved is *pro se*. Or perhaps the person involved had an attorney at some point in the proceedings, but because of financial difficulties (which tend to correlate with somebody losing a job) the person involved can no longer afford the attorney. It is not unrealistic to imagine a situation where notice of the commissioner's order is sent to the person's attorney *after* the attorney stops representing the person involved. In such a situation, the person involved may never receive adequate notice of the commissioner's order. By sending notice directly to the person involved, the commissioner ensures that the person always gets notice (if the person has an attorney and the attorney also gets notice, no harm is done), and then due process rights will not be at issue.

We conclude that under Minn.Stat. § 256.045, subd. 7, the commissioner "issues" its order by mailing[3] the order directly to the person involved, even when the person has an attorney. Because the commissioner failed to "issue" its order, we need not address appellant's argument that her appeal was timely served because the 30–day appeal period is extended to 33 days for mailing under Minn. R. Civ. P. 6.05.

## DECISION

Because the commissioner did not mail the order directly to appellant, the commissioner did not "issue" the order to appellant. Thus, appellant's appeal was timely. The 30–day appeal time set forth in Minn.Stat. § 256.045, subd. 7, had not begun to run. The district court erred by

dismissing appellant's appeal for lack of subject matter jurisdiction.

**Reversed and remanded.**

---

**3.** At oral argument, respondent stated that the commissioner does not use personal service of the orders, but has a policy of just mailing them. If the commissioner shows timely proof of personal service, that is as effective as mailing. The issuing person or agency chooses their method, not the courts. We simply interpret the statutes defining service.