Gary REYNOLDS, Appellant,

v.

MINNESOTA DEPARTMENT OF HUMAN SERVICES, Respondent,

Dakota County Department of Employment and Economic Assistance, Respondent.

No. A06–1943.

Court of Appeals of Minnesota.

Aug. 21, 2007.

Paul Onkka, Jr., Southern Minnesota Regional Legal Services, Inc., Shakopee, MN, for appellant.

James C. Backstrom, Dakota County Attorney, Suzanne W. Schrader, Assistant County Attorney, Dakota County Judicial Center, MN, for respondent Dakota County Department of Employment and Economic Assistance.

Lori Swanson, Attorney General, Robin C. Vue–Benson, Assistant Attorney General, Saint Paul, MN, for respondent Minnesota Department of Human Services.

Considered and decided by WILLIS, Presiding Judge; TOUSSAINT, Chief Judge; and RANDALL, Judge.

## OPINION

RANDALL, Judge.

Appellant challenges the district court's decision that his appeal pursuant to Minn. Stat. § 256.045, subd. 7 (2004), was untimely. Appellant argues that Minn. R. Civ. P. 6.05 should have applied to extend the 30-day time limit for appeal an additional three days because he received notice of the commissioner's decision by mail. We agree, and reverse and remand.

## FACTS

Appellant applied for General Assistance Medical Care (GAMC) in April 2005, from respondent Dakota County Department of Employment and Economic Assistance (DCDEEA). The application was denied because DCDEEA found that the aggregate value of appellant's stocks and individual retirement account exceeded the maximum asset limit permitted for GAMC. Appellant appealed the decision to respondent Department of Human Services. On September 27, 2005, a hearing was conducted before a human services judge who issued a recommended order affirming the denial, which was then approved by the commissioner's representative.

Appellant requested reconsideration of that decision by the chief human services judge. After reviewing the earlier findings, the chief judge affirmed the denial in a letter dated November 15, 2005. The correspondence informed appellant that the decision constituted "final agency action for purposes of judicial review" and stated that an appeal to the district court must be made within 30 days of the date of the letter. Appellant appealed the decision to the district court by mailing a notice of appeal to both respondents on December 19, 2005, 34 days after the date of the letter from the chief judge, and filing a notice of appeal with the district court on the same day. Following a hear-ing on the matter, the district court dismissed the appeal as untimely because appellant failed to appeal within the 30-day period as required by Minn.Stat. § 256.045, subd. 7 (2004). This appeal followed.

## ISSUE

Does Minn. R. Civ. P. 6.05 apply to an appeal of a decision under Minn.Stat. § 256.045, subd. 7 (2004), when the decision is issued to a party by mail, thereby extending the time for service and filing of notice of appeal by three days?

## ANALYSIS

Minn.Stat. § 256.045, subd. 7 (2004), which sets forth the procedure for appealing an adverse decision by the commissioner of human services, provides:

> any party who is aggrieved by an order of the commissioner of human services, or the commissioner of health in appeals within the commissioner's jurisdiction under subdivision 3b, ... may appeal the order to the district court ... by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record *within 30 days after the date the commissioner issued the order,* the amended order, or order affirming the original order, and by filing the original notice and proof of service with the court administrator of the district court. Service may be made personally or by mail; service by mail is complete upon mailing....

(Emphasis added.)

The failure of an aggrieved party to commence an appeal of a state agency decision within the time limits in the statute governing such appeals properly results in dismissal for lack of jurisdiction. *Davis v. Minn. Dept. of Human Rights,* 352 N.W.2d 852, 854 (Minn.App.1984).

■ Appellant argues that his appeal was timely served because the 30–day appeal period was extended by three days for mailing under Minn. R. Civ. P. 6.05.[1] Although this case involves a determination by an administrative agency, the rules of civil procedure have been applied beyond the district court arena, including situations involving a state agency. *See Kenzie v. Dalco Corp.*, 309 Minn. 495, 497, 245 N.W.2d 207, 208 (1976) (applying rule 6.05 to extend the 30–day period for filing an appeal from a decision by the Commissioner of the Department of Employment Services); *Wilkins v. City of Glencoe*, 479 N.W.2d 430, 431 (Minn.App.1992) (applying rule 6.05 to removal of conciliation court proceedings to district court); *E.N. v. Special Sch. Dist. No. 1*, 603 N.W.2d 344, 348 (Minn.App.1999) (acknowledging that courts have applied the rules of civil procedure to cases outside of district courts). We recognize that *Kenzie* involved a statute that made the rules of civil procedure expressly applicable, and that *Wilkins* concerned removal, as opposed to an appeal, to the district court, but we believe that equity necessitates application of the rules in this context. As in *Kenzie* and *Wilkins*, this case involves a claim originally decided through informal adjudicative proceedings, but later brought before a state court for formal consideration or review. Once appellant had exhausted every available opportunity for redress at the agency level, this matter, by statute, properly came within the jurisdiction of the district court, whose procedural framework is governed by the rules of civil procedure. Minn. R. Civ. P. 1 (the "rules govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature"). We conclude the rules of civil procedure are applicable to the prescribed appeal period under Minn.Stat. § 256.045, subd. 7.

■ Having determined that the rules of civil procedure are generally applicable in this context, we next consider whether application of rule 6.05 is permitted in this case. Rule 6.05 provides in pertinent part:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service of a notice or other paper* upon the party, and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period.

Minn. R. Civ. P. 6.05 (emphasis added).

■ Appellant and respondents focus their arguments on the meaning of the term "service" utilized in the rule. Appellant contends that the word "issue" is synonymous with "service." We agree. In *D.F.C. v. State, Comm'r of Health*, 693 N.W.2d 451, 453 (Minn.App.2005), this court examined the meaning of the term "issued" under Minn.Stat. § 256.045, subd. 7. We noted that "issuance" connotes some degree of communication and notice, and requires more than just the act of signing the order. *Id.* Instead, the commissioner issues the order by either mailing it to the person involved or having it *personally served* on the party. *Id.* at 453, 455 n. 3.

Further, previous cases involving the application of rule 6.05 have not hinged on whether the statute or rule in question explicitly required "service" upon a person, and parties have been allowed three addi-

---

1. Appellant did not serve his appeal until the 34th day. But the commissioner's decision was dated November 15, 2005, which resulted in the 33rd day being Sunday, December 18, 2005. Respondents do not dispute that Minn. Stat. § 645.15 (2004), and Minn. R. Civ. P. 6.01, extend the applicable time period to the following day when the last day to appeal falls on a Sunday.

tional days when notice of a judgment or order was required to be mailed to them. *Wilkins*, 479 N.W.2d at 431 (applying rule 6.05 pursuant to a statute that allowed removal of a conciliation court case to district court "within 20 days after the date the court administrator *mailed notice* of the judgment order to that person." (Emphasis added) (citation and quotation marks omitted)), *superseded by statute; Flame Bar, Inc. v. City of Minneapolis*, 295 N.W.2d 586, 587 (Minn.1980) (applying rule 6.05 to a statute that allowed a certiorari appeal of a city council decision to this court "within 30 days after service by mail" on the party of an adverse decision by the agency); *Holm v. Casino Resource Corp.*, 632 N.W.2d 238, 241 (Minn.App. 2001) (applying rule 6.05 where the statute referred to appeal time after "delivery," rather than "service").

█ In response, respondents make a variety of arguments to support the district court's decision. We address each in turn. First, respondents contend that the rule is inapplicable in this case because "issuing" is analogous to filing a decision. Respondents cite 1 David F. Herr Roger S. Haydock, *Minnesota Practice* § 6.8 (4th ed.2002) for the proposition that "[i]f a time period runs from the date of filing or date of judgment, then Rule 6.05 does not serve to extend the time period." But the time period to perfect an appeal in this case did *not* begin upon the date of filing or date of judgment, but from the time the notice of the order was mailed or personally served. *See D.F.C.*, 693 N.W.2d at 453.

Respondents further argue that *Wilkins, Flame Bar*, and *Holm* are distinguishable because each involved a statute that expressly required notice of the decision or service of the decision by mail. Although this distinction is accurate, it ignores the holding in *D.F.C.*, which recognized that the issuance of a decision is

congruous with mailing notice or personally serving the decision on the interested party.

Next, respondents assert that Minn. R. Civ. P. 81.02 and 82 prohibit appellant from availing himself of rule 6.05. Rule 81.02 provides that the rules of civil procedure "do not supersede the provisions of statutes relating to appeals to the district courts," and rule 82 requires that the rules "shall not be construed to extend or limit the jurisdiction of the district courts." Respondents believe that applying rule 6.05 would both supersede the language of Minn.Stat. § 256.045, subd. 7, and extend the jurisdiction of the district courts. We disagree. Rule 6.05 does not invalidate the statutory language or extend the court's jurisdiction. The statutory appeal time remains 30 days. Rule 6.05 only places persons served by mail on equal footing with those who receive personal service.

Respondents contend that providing three additional days under rule 6.05 is unnecessary because the commissioner's orders are issued exclusively by mail. Respondents claim, therefore, that this uniform practice of issuance treats all parties the same, thereby obviating the need for three additional days. We decline to accept this reasoning because it attempts to circumvent the protection afforded by rule 6.05, and ignores the commissioner's discretion in deciding whether to issue the order by mail or through personal service. *See D.F.C.*, 693 N.W.2d at 455, n. 3 (noting that "[i]f the commissioner shows timely proof of personal service, that is as effective as mailing. The issuing person or agency chooses their method, not the courts.").

█ Respondents also assert that, notwithstanding the application of rule 6.05, appellant failed to timely appeal because his notice of appeal should have been re-

ceived by the commissioner on or before the last day to appeal. In this case, appellant waited until the final day of the appeal period to mail the notice. Respondents claim that allowing appellant to wait until the last day to appeal before mailing contravenes the intent behind rule 6.05 by allowing a "litigant approximately the same effective time to respond whether papers are served by hand or by mail." *See State v. Hugger*, 640 N.W.2d 619, 622 n. 4, 624 (Minn.2002) (stating the purpose of Minn. R.Crim. P. 34.04, and noting that it is nearly identical to Minn. R. Civ. P. 6.05). But Minn.Stat. § 256.045, subd. 7, expressly provides that "service by mail is complete upon mailing." Valid service by appellant did not require actual receipt of the notice by the commissioner on or before the last day of the appeal period, but that appellant place it in the mail on or before the last day.

The intent of the statute is honored by allowing appellant the additional three days before mailing the notice. Had appellant received personal, in-hand service of the order, he would have been able to accomplish effective service of his notice of appeal by placing it in the mail a full 30 days later. Rule 6.05 creates parity between recipients of mailed notice (appellant) and those who receive personal service by granting parties in appellant's position an additional three days to compensate for any delay in delivery (mailing) time.

## DECISION

The rules of civil procedure have been applied to informal adjudicative decisions appealed or removed to state courts. Minn. R. Civ. P. 6.05 has previously been employed when notice of a decision was required to be mailed or personally served on a party. Thus, the district court erred by declining to apply the rule.

**Reversed and remanded.**