*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1704**

Pamela Powell, individually,
and on behalf of her minor child, Grace Powell Hernandez,
Appellant,

vs.

Commissioner of the Minnesota Department of Human Services,
Respondent,

Carver County,
Respondent.

**Filed March 9, 2015
Affirmed
Chutich, Judge**

Carver County District Court
File No. 10-CV-14-407

Pamela Powell, Chanhassen, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Patricia A. Sonnenberg, Assistant Attorney General, St. Paul, Minnesota (for respondent Commissioner of Minnesota Department of Human Services)

Mark Metz, Carver County Attorney, Dawn M. O'Rourke, Assistant County Attorney, Chaska, Minnesota (for respondent Carver County)

        Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and Chutich, Judge.

**CHUTICH**, Judge

Appellant Pamela Powell challenges the district court's dismissal of her appeal for lack of subject-matter jurisdiction because of her failure to timely serve respondents Commissioner of the Minnesota Department of Human Services (the commissioner) and Carver County. Because we conclude that Powell failed to serve the commissioner and Carver County within the permitted timeframe of Minnesota Statutes section 256.045, subdivision 7 (2012), we affirm.

## FACTS

In July 2013, Carver County sent Powell a written notice sanctioning her Minnesota Family Investment Program benefits because she failed to comply with the employment plan that Carver County had created for her. Powell had previously met with a Carver County job counselor to develop an employment plan but refused to comply with the plan, claiming that it needed to include the same educational component as her previous plan in Freeborn County.

Powell appealed Carver County's decision to the Minnesota Department of Human Services. A human-services judge held a two-day evidentiary hearing and issued a recommended order affirming Carver County's decision. The human-services judge determined that it was within Carver County's discretion to develop an employment plan distinct from Freeborn County and that Powell's failure to comply with Carver County's plan warranted sanctions.

On March 12, 2014, the commissioner adopted the human-services judge's recommended order. The commissioner's final order was mailed to Powell, and a document was attached informing Powell that she could (1) request reconsideration, or (2) appeal to the district court. It further explained that if she appealed, she was required to serve a notice of appeal "upon the other parties and the Commissioner" within 30 days of the date of the decision. The document also referred her to the statutory requirements for filing an appeal.

Powell appealed the commissioner's order to the district court. On April 10, 2014, Powell hand-delivered a document titled "Notice of Late or Incomplete Household Report Form" to a Carver County agent. Powell had written on the top of the document, "THESE MATTERS ARE STAYED ON APPEAL!!" That same day, Powell also filed a 22-page notice of appeal with the district court.

On April 21, 2014, the district court sent Powell a discrepancy notice, stating that she needed to complete and file affidavits of service on the defendants. On May 15, 2014, Powell completed affidavits of service to show that she had served notices of appeal on both defendants by mail on May 15.

Carver County moved to dismiss Powell's appeal for lack of subject-matter jurisdiction, arguing that she did not timely serve Carver County or the commissioner within 30 days as required by Minnesota Statutes section 256.045, subdivision 7. The district court granted Carver County's motion to dismiss, concluding that Powell had failed to serve either Carver County or the commissioner with a notice of appeal by the statutory deadline of April 14, 2014. The district court calculated the April 14 statutory

3

deadline by adding 33 days[1] to March 12—the date that the commissioner signed the final order.

The district court acknowledged that Powell had properly filed a notice of appeal with the district court but concluded that her obligations to serve the defendants with notices of appeal were separate requirements that she did not complete. The district court then dismissed Powell's appeal for lack of subject-matter jurisdiction. Powell appealed.

**D E C I S I O N**

Powell argues that the district court erred when it dismissed her appeal. Carver County and the commissioner contend, and we agree, that Powell's failure to timely serve the respondents with a notice of appeal properly resulted in the dismissal of her appeal.

When an aggrieved party fails to appeal a state agency decision within the statutorily prescribed time limits, the appeal is properly dismissed for a lack of jurisdiction. *Reynolds*, 737 N.W.2d at 369. Subject-matter jurisdiction is a question of law that this court reviews de novo. *Tischer v. Hous. & Redevelopment Auth. of Cambridge*, 693 N.W.2d 426, 428 (Minn. 2005).

Minnesota Statutes section 256.045, subdivision 7, states that

> any party who is aggrieved by an order of the commissioner of human services . . . may appeal the order to the district court of the county responsible for furnishing assistance . . . by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record

---

[1] Because the commissioner's signed order was issued by mail, Powell had three additional days to serve the respondents. *Reynolds v. Minn. Dept. of Human Servs.*, 737 N.W.2d 367, 370 (Minn. App. 2007) (concluding that Minnesota Rule of Civil Procedure 6.05 extends the 30-day timeline in section 256.045, subdivision 7, by three days when the commissioner issues a decision by mail).

4

> within 30 days after the date the commissioner issued the order.

The commissioner's order was an agency decision, and it was signed on March 12, 2014. Powell, as the aggrieved party appealing, had 33 days to serve the commissioner and any adverse party with a notice of appeal. *See* Minn. Stat. § 256.045, subd. 7; Minn. R. Civ. P. 6.05. Thirty-three days, added to the March 12 signing date, meant that Powell was required to serve the commissioner and Carver County with a notice of appeal by April 14, 2014.

Powell did not serve either Carver County or the commissioner with a notice of appeal by April 14. And failure to appeal an agency's decision within the timeframe provided in the statute results in a dismissal for lack of jurisdiction. *See Reynolds*, 737 N.W.2d at 369. Accordingly, the district court properly dismissed Powell's appeal for a lack of subject-matter jurisdiction.

Powell contends that the notice of appeal she filed on April 10 with the district court simultaneously satisfied her requirement to serve respondents. But as the district court notes, service and filing are separate requirements. *See, e.g.*, Minn. R. Civ. P. 5 ("Service and Filing of Pleadings and Other Papers"). Moreover, the plain language of section 256.045, subdivision 7, explicitly required Powell to serve a written copy of her notice of appeal on the commissioner *and* any other adverse party of record. Powell did not serve either the commissioner or Carver County within the permitted time period.

Powell further argues that she properly served Carver County with a notice of appeal on April 10 when she hand-delivered a document titled "Notice of Late or

5

Incomplete Household Report Form" to an agent of Carver County. At the top of this document, Powell had written, "THESE MATTERS ARE STAYED ON APPEAL!!"

The document Powell delivered to Carver County on April 10 was a social-services notice informing Powell that her medical services were subject to termination. Powell claims that her handwritten notations at the top of the document were sufficient to transform it into a notice of appeal. We disagree. Section 256.045, subdivision 7, required Powell to serve an *actual* notice of appeal on the respondents: a document unrelated to her appeal with her handwritten notations was simply not sufficient to place Carver County on notice of her appeal. We recognize that Powell is proceeding without an attorney, and while some leeway is given to a person who represents herself, we may not excuse her failure to comply with this fundamental procedural requirement. *See State v. Seifert*, 423 N.W.2d 368, 372 (Minn. 1988).

Powell also claims that the district court judge was biased and the dismissal of her claim should be reversed because the judge was a former Carver County assistant attorney, the judge colluded with the respondents, the judge engaged in a fraud and cover-up throughout her appeal, and the judge was appointed by the governor.

These allegations of judicial bias are meritless. The law presumes that a district court judge can put aside previous legal employment and whatever loyalties it may have created. *In re Jacobs*, 791 N.W.2d 300, 302 (Minn. App. 2010), *aff'd*, 802 N.W.2d 748 (Minn. 2011). And nothing in the record shows that the judge was biased here: the district court heard Powell's arguments, allowed her to submit evidence, and properly dismissed her appeal for lack of subject-matter jurisdiction.

6

Powell's dissatisfaction with the district court judge appears to stem from the adverse ruling she received. But receiving an adverse ruling is not a proper basis for imputing bias to the district court judge. *Ag Servs. of Am., Inc. v. Schroeder*, 693 N.W.2d 227, 236-37 (Minn. App. 2005). Moreover, judicial bias does not exist merely because a governor appoints a district court judge; the law directs the governor to do so. Minn. Stat. § 480B.01, subd. 1 (2014).

Powell asserts several additional arguments as to why the district court erred in dismissing her appeal, but all of these arguments are without merit. Accordingly, we conclude that the district court properly dismissed her appeal for lack of subject-matter jurisdiction.

**Affirmed.**